**DebtEd, FF, EXTTM, APPEAL**

# U.S. Bankruptcy Court
# Northern District of New York (Albany)
# Bankruptcy Petition #: 10–11423–1–rel

*Date filed:* 04/15/2010

*Assigned to:* Chief Judge Robert E. Littlefield Jr.
Chapter 13
Voluntary
Asset

*Debtor*
**Deborah A Hrustich**
17 Thompson Court
Rensselaer, NY 12144
SSN / ITIN: xxx–xx–2121

represented by **Richard Croak**
314 Great Oaks Blvd
Albany, NY 12203
(518) 690–4410
Fax : 518–690–4435
Email: rcroak@richardcroak.com

*Trustee*
**Andrea E. Celli**
Chapter 13 Standing Trustee
7 Southwoods Boulevard
Albany, NY 12211
(518) 449–2043

represented by **Andrea E. Celli**
Chapter 13 Standing Trustee
7 Southwoods Boulevard
Albany, NY 12211
(518) 449–2043
Email: legal@ch13albany.com

*U.S. Trustee*
**Tracy Hope Davis**
Office of the U.S. Trustee
74 Chapel Street
74 Chapel Street
Suite 200
Albany, NY 12207

| Filing Date | # | | Docket Text |
|---|---|---|---|
| 04/15/2010 | 1 | | Chapter 13 Voluntary Petition, Schedule A–J &Statement of Financial Affairs. Fee Due $274 Filed by Richard Croak on behalf of Deborah A Hrustich. Government Proof of Claim due by 10/12/2010. Chapter 13 Plan due by 4/29/2010. Automatic Dismissal Deadline per RA 316 due 06/1/2010. (Croak, Richard) (Entered: 04/15/2010) |
| 04/15/2010 | 2 | | Certificate of Credit Counseling Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 04/15/2010) |
| 04/15/2010 | | | Receipt of Voluntary Petition (Chapter 13) Case Upload(10–11423–1) [caseupld,1305u] ( 274.00) filing fee. Receipt number 5127039, amount $ 274.00. (U.S. Treasury) (Entered: 04/15/2010) |
| 04/15/2010 | 3 | | Rights and Responsibilities of Chapter 13 Debtors and Their Attorneys. Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 04/15/2010) |

1

| 04/15/2010 | | 4 | Deficiency Deadlines Updated. Chapter 13 Plan due by 4/29/2010. Payment Advice Statements Due: 4/29/2010. (Rosenberg, Dana) (Entered: 04/16/2010) |
|---|---|---|---|
| 04/16/2010 | | 5 | Meeting of Creditors. Completion of the Personal Financial Management Course is a prerequisite to receipt of a discharge. See Fed R Bankr P 1007(c)for the deadline.. 341(a) meeting to be held on 5/26/2010 at 09:00 AM at First Meeting Albany. Last day to object to discharge of certain debts 7/26/2010. Proofs of Claims due by 8/24/2010. Government Proof of Claim due by 10/12/2010. (Chest, Lynn) (Entered: 04/16/2010) |
| 04/18/2010 | | 6 | BNC Certificate of Mailing – Meeting of Creditors. (related document(s) (Related Doc # 5 )). Service Date 04/18/2010. (Admin.) (Entered: 04/19/2010) |
| 04/18/2010 | | 7 | BNC Certificate of Mailing. (related document(s) (Related Doc # 4 )). Service Date 04/18/2010. (Admin.) (Entered: 04/19/2010) |
| 05/03/2010 | | 8 | Payment Advice Statements *No Pay Advice Attached* Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 05/03/2010) |
| 05/03/2010 | | 9 | Schedule A, Schedule B, Schedule C, Schedule G, Schedule H, Schedule J, Summary of Schedules, Statistical Summary of Certain Liabilites, Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 05/03/2010) |
| 05/03/2010 | | 10 | Statement of Financial Affairs Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 05/03/2010) |
| 05/03/2010 | | 11 | Chapter 13 Statement of Current Monthly and Disposable Income Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 05/03/2010) |
| 05/04/2010 | | 12 | Motion by Ch. 13 Trustee to Dismiss Case Combined with Certificate of Service.. Hearing scheduled for 5/27/2010 at 12:15 PM at Albany CourtRoom. (Celli, Andrea) (Entered: 05/04/2010) |
| 05/13/2010 | | 13 | Chapter 13 Plan Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 05/13/2010) |
| 05/13/2010 | | 14 | Notice of Hearing *to confirm plan* Filed by Deborah A Hrustich (related document(s) 13 ). Hearing scheduled for 6/10/2010 at 01:00 PM at Albany CourtRoom. (Attachments: # 1 Certificate of Service) (Croak, Richard) (Entered: 05/13/2010) |
| 05/14/2010 | | 15 | Notice of Appearance and Request for Notice by Robert E. Ganz Filed by on behalf of Whiteman Osterman &Hanna, LLP. (Ganz, Robert) (Entered: 05/14/2010) |
| 05/19/2010 | | 16 | Notice of Appearance and Request for Notice by Jacob F. Lamme Filed by on behalf of Evelyn St. Louis. (Lamme, Jacob) (Entered: 05/19/2010) |
| 05/19/2010 | | 17 | Motion for Relief from Stay *to pursue previously–commenced civil action for medical malpractice in which the Debtor is a defendant (St. Louis v. Deborah A. Hrustich, M.D., Northeast Neurosurgery, LLC, et al., Albany County Index No. 6911–08).* Fee Amount $150 Filed by Evelyn St. Louis. (Attachments: # 1 Exhibit A) (Lamme, Jacob) |

| | | | |
|---|---|---|---|
| | | | Additional attachment(s) added on 5/19/2010 (Graves, Betty). (Entered: 05/19/2010) |
| 05/19/2010 | | | Receipt of Motion for Relief From Stay(10−11423−1−rel) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 5194072, amount $ 150.00. (U.S. Treasury) (Entered: 05/19/2010) |
| 05/19/2010 | | 18 | Notice of Hearing on Default Motion. Hearing Scheduled for 6/17/2010 at 9:00 a.m. in Albany *for Motion for Relief from Stay to pursue previously−commenced civil action for medical malpractice in which the Debtor is a defendant (St. Louis v. Deborah A. Hrustich, M.D., Northeast Neurosurgery, LLC, et al., Albany County Index No. 6911−08).* Filed by Evelyn St. Louis (related document(s) 17 ). (Attachments: # 1 Affidavit of Service) (Lamme, Jacob) (Entered: 05/19/2010) |
| 05/19/2010 | | 19 | Notice of Deficiency sent to Jacob Lamme (related document(s) 17 ). Document Correction due by 5/21/2010. (Rosenberg, Dana)DISREGARD NO DOCUMENT ATTACHED. Modified on 5/19/2010 (Graves, Betty). (Entered: 05/19/2010) |
| 05/19/2010 | | 20 | Notice of Deficiency sent to Jacob Lamme (related document(s) 17 ). Document Correction due by 5/21/2010. (Rosenberg, Dana)DISREGARD NO DOCUMENT ATTACHED. Modified on 5/19/2010 (Graves, Betty). (Entered: 05/19/2010) |
| 05/19/2010 | | 21 | Notice of Deficiency sent to Jacob Lamme (related document(s) 17 ). Document Correction due by 5/21/2010. (Rosenberg, Dana) (Entered: 05/19/2010) |
| 05/24/2010 | | 22 | Objection to Confirmation of Plan Filed by Whiteman Osterman &Hanna, LLP (related document(s) 13 ). (Ganz, Robert) (Entered: 05/24/2010) |
| 05/27/2010 | | | Hearing Held; withdrawn (related document(s), 12 ). (Cardinal, Lisa) (Entered: 06/01/2010) |
| 06/01/2010 | | | Adjourned. 341(a) meeting to be held on 6/29/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 7/29/2010 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 06/01/2010) |
| 06/08/2010 | | 23 | Limited Objection to (related document(s): 17 Motion for Relief from Stay *to pursue previously−commenced civil action for medical malpractice in which the Debtor is a defendant (St. Louis v. Deborah A. Hrustich, M.D., Northeast Neurosurgery, LLC, et al., Albany County Index No. 6911−08).)with Certificate of Mailing.* Filed by Andrea E. Celli (related document(s) 17 ). (Celli, Andrea) (Entered: 06/08/2010) |
| 06/10/2010 | | | Hearing Continued (related document(s) 13 ). Hearing scheduled for 7/29/2010 at 01:00 PM at Albany CourtRoom. (Thibault, Judy) (Entered: 06/14/2010) |
| 06/11/2010 | | 24 | Response to (related document(s): 17 Motion for Relief from Stay *to pursue previously−commenced civil action for medical malpractice in which the Debtor is a defendant (St. Louis v. Deborah A. Hrustich, M.D., Northeast Neurosurgery, LLC, et al., Albany County Index No.* |

| | | | |
|---|---|---|---|
| | | | *6911–08).*) Filed by Deborah A Hrustich (related document(s) 17 ). (Croak, Richard) (Entered: 06/11/2010) |
| 06/11/2010 | | | Hearing Set (related document(s) 17 ). Hearing scheduled for 6/17/2010 at 09:00 AM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 06/11/2010) |
| 06/17/2010 | | | Hearing Held, granted re: insurance, order due (related document(s), 17 17 ). Order due by 7/19/2010. (Coughlin, Kathy) (Entered: 06/17/2010) |
| 06/18/2010 | | 26 | Order Granting Motion For Relief From Stay (Related Doc # 17 ) Signed on 6/18/2010. (Rosenberg, Dana) (Entered: 06/18/2010) |
| 06/30/2010 | | 27 | Statement of Financial Affairs *Amedned* Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 06/30/2010) |
| 07/02/2010 | | | Adjourned. 341(a) meeting to be held on 7/28/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 8/26/2010 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 07/02/2010) |
| 07/02/2010 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 8/26/2010 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 07/02/2010) |
| 07/09/2010 | | 28 | Notice of Appearance and Request for Notice by Louis Levine Filed by on behalf of Manufacturers and Traders Trust Company. (Levine, Louis) (Entered: 07/09/2010) |
| 07/13/2010 | | 29 | Motion by Trustee to Dismiss Case for Failure to Make Plan Payments Combined with Certificate of Service.. Hearing scheduled for 08/26/2010 at 12:15 PM at Albany CourtRoom. (Celli, Andrea) (Entered: 07/13/2010) |
| 07/19/2010 | | 30 | Default Motion to Extend Time *Within Which to File Adversary Proceeding* Filed by Manufacturers and Traders Trust Company. (Attachments: # 1 Exhibit A. proposed order) (Levine, Louis) (Entered: 07/19/2010) |
| 07/19/2010 | | 31 | Default Notice of Hearing on Default Motion. Hearing Scheduled for 8/11/2010 at 10:30 a.m;. in Albany Filed by Manufacturers and Traders Trust Company (related document(s) 30 ). Objections due by 8/4/2010. (Levine, Louis) (Entered: 07/19/2010) |
| 07/19/2010 | | 32 | Certificate of Service Filed by Manufacturers and Traders Trust Company (related document(s) 30 ). (Levine, Louis) (Entered: 07/19/2010) |
| 07/29/2010 | | | Hearing Continued (related document(s) 13 ). Confirmation hearing to be held on 9/23/2010 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 07/30/2010) |
| 07/30/2010 | | 33 | Objection to Confirmation of Plan Filed by Manufacturers and Traders Trust Company (related document(s) 13 ). (Levine, Louis) (Entered: 07/30/2010) |

| | | | |
|---|---|---|---|
| 07/30/2010 | | 34 | Certificate of Service Filed by Manufacturers and Traders Trust Company (related document(s) 33 ). (Levine, Louis) (Entered: 07/30/2010) |
| 08/04/2010 | | 35 | Motion for Relief from Stay . Fee Amount $150 Filed by Whiteman Osterman &Hanna, LLP. (Attachments: # 1 Exhibit 1–3# 2 Cover Letter Explaining Calendaring) (Ganz, Robert) (Entered: 08/04/2010) |
| 08/04/2010 | | 36 | Notice of Hearing on Default Motion. Hearing Scheduled for 8/26/2010 at 12:15pm in Albany Courtroom Filed by Whiteman Osterman &Hanna, LLP (related document(s) 35 ). Objections due by 8/20/2010. (Attachments: # 1 Cover Letter Explaining Calendaring) (Ganz, Robert) (Entered: 08/04/2010) |
| 08/04/2010 | | | Receipt of Motion for Relief From Stay(10–11423–1–rel) [motion,mrlfsty] ( 150.00) filing fee. Receipt number 5347442, amount $ 150.00. (U.S. Treasury) (Entered: 08/04/2010) |
| 08/05/2010 | | | Application for Compensation Filed by Whiteman Osterman &Hanna, LLP. Entered by the clerk for reporting purposes as a supplement to document number 35. (Rosenberg, Dana) Modified on 8/5/2010, ENTERED IN ERROR. (Chest, Lynn). (Entered: 08/05/2010) |
| 08/05/2010 | | 37 | Certificate of Service *for Motion for Relief from Stay* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 35 ). (Ganz, Robert) (Entered: 08/05/2010) |
| 08/09/2010 | | | Adjourned. 341(a) meeting to be held on 8/27/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 9/23/2010 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 08/09/2010) |
| 08/09/2010 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 9/23/2010 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 08/09/2010) |
| 08/12/2010 | | 38 | Order Granting Motion to Extend Time to File an Adversary Proceeding for a period of 90 days, through and including 10/25/2010 (Related Doc # 30 ) Signed on 8/12/2010. (Rosenberg, Dana) (Entered: 08/12/2010) |
| 08/24/2010 | | 39 | Court Memo Requiring Further Action (related document(s) 35 ). (Rosenberg, Dana) (Entered: 08/24/2010) |
| 08/24/2010 | | 40 | Letter Re: *failure to serve Debtor personally with motion papers* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 35 ). (Attachments: # 1 Certificate of Service) (Ganz, Robert) (Entered: 08/24/2010) |
| 08/25/2010 | | 41 | Court Memo Requiring Further Action (related document(s) 40 ). (Rosenberg, Dana) (Entered: 08/25/2010) |
| 08/26/2010 | | 42 | Motion to Shorten Time (related documents 35 Motion for Relief From Stay) Filed by Whiteman Osterman &Hanna, LLP (related document(s) 35 ). (Ganz, Robert) (Entered: 08/26/2010) |
| 08/26/2010 | | 43 | Order Granting Motion to Shorten Time (Related Doc # 42 ) Signed on 8/26/2010. Hearing scheduled for 9/1/2010 at 10:30 AM at Albany |

| | | | |
|---|---|---|---|
| | | | CourtRoom. (Staigar, Cherie) (Entered: 08/27/2010) |
| 08/26/2010 | | | Hearing Held; Withdrawn. (related document(s), 29 ). (Staigar, Cherie) (Entered: 08/27/2010) |
| 08/27/2010 | | 44 | Affidavit of Service *by mail on debtor* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 42 ). (Ganz, Robert) (Entered: 08/27/2010) |
| 08/28/2010 | | 45 | Objection to (related document(s): 35 Motion for Relief from Stay . Fee Amount $150, Application for Compensation., 42 Motion to Shorten Time (related documents 35 Motion for Relief From Stay) ) Filed by Deborah A Hrustich (related document(s) 42 , 35 , []). (Croak, Richard) (Entered: 08/28/2010) |
| 08/30/2010 | | 46 | Certificate of Service *of Order to Shorten Time* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 43 ). (Ganz, Robert) (Entered: 08/30/2010) |
| 08/30/2010 | | | Adjourned. 341(a) meeting to be held on 9/28/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 10/14/2010 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 08/30/2010) |
| 08/30/2010 | | 47 | Affidavit Re: *Reply affidavit of Robert Ganz* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 42 , 35 ). (Ganz, Robert) (Entered: 08/30/2010) |
| 08/31/2010 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 10/14/2010 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 08/31/2010) |
| 08/31/2010 | | 48 | Certificate of Service *of Reply Affidavit* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 47 ). (Ganz, Robert) Modified on 8/31/2010 (Chest, Lynn). (Entered: 08/31/2010) |
| 09/01/2010 | | | Hearing Held, Granted Over Opposition. Order due by 10/1/2010, Effective 9/10/10 with Service on Andrea Celli and William McCarthy (related document 35 . (Rosenberg, Dana) (Entered: 09/02/2010) |
| 09/02/2010 | | 49 | Order Granting Motion For Relief From Stay Effective 9/10/10 (Related Doc # 35 ) Signed on 9/2/2010. (Rosenberg, Dana) (Entered: 09/02/2010) |
| 09/15/2010 | | 51 | Notice of Appeal District Court. Fee Amount $255 Filed by Deborah A Hrustich (related document(s) 49 ). Appellant Designation due by 09/29/2010. (Attachments: # 1 Exhibit Order Appealed From)(Croak, Richard) (Entered: 09/15/2010) |
| 09/15/2010 | | | Receipt of Notice of Appeal(10–11423–1–rel) [appeal,ntcapl] ( 255.00) filing fee. Receipt number 5425692, amount $ 255.00. (U.S. Treasury) (Entered: 09/15/2010) |
| 09/15/2010 | | 52 | Certificate of Service Filed by Deborah A Hrustich (related document(s) 51 ). (Croak, Richard) (Entered: 09/15/2010) |
| 09/15/2010 | | | |

| | | | |
|---|---|---|---|
| | | | Election to Appeal to District Court . Filed by Deborah A Hrustich (related document(s) 51 ). (Wolf, Elizabeth) (Entered: 09/16/2010) |
| 09/16/2010 | | 53 | Court's cover letter re notice of appeal(related document(s) 51 ). (Attachments: # 1 Exhibit appeal) (Wolf, Elizabeth) (Entered: 09/16/2010) |
| 09/16/2010 | | 54 | Court Certificate of Mailing to Robert Ganz, Richard Criak, Andrea Celli and the United States Trustee (related document(s) 51 , 53 ). (Wolf, Elizabeth) (Entered: 09/16/2010) |
| 09/29/2010 | | | Adjourned. 341(a) meeting to be held on 10/27/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 11/18/2010 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 09/29/2010) |
| 09/29/2010 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 11/18/2010 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 09/29/2010) |
| 09/29/2010 | | 55 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues. Appellee designation due 10/13/2010 Filed by Deborah A Hrustich. (Croak, Richard) Modified on 9/30/2010 (Chest, Lynn). (Entered: 09/29/2010) |
| 09/30/2010 | | 56 | Request for Transcript Filed by Deborah A Hrustich (related document(s) 35 , []). Transcript Due by 10/29/2010. (Rodriguez, Vicki) (Entered: 09/30/2010) |
| 10/15/2010 | | 57 | Certificate of Compliance Re: 51 . (Wolf, Elizabeth) Modified on 10/15/2010 (Chest, Lynn). Modified on 10/19/2010 ENTERED IN ERROR. (Chest, Lynn). (Entered: 10/15/2010) |
| 10/19/2010 | | 58 | Transmittal of Record on Appeal to District Court (related document(s) 51 ). (Wolf, Elizabeth) Modified on 10/19/2010 ENTERED IN ERROR. (Chest, Lynn). (Entered: 10/19/2010) |
| 10/20/2010 | | 59 | Motion for 2004 Examination Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 10/20/2010) |
| 10/20/2010 | | 60 | Notice of Hearing for 2004 Examination Filed by Deborah A Hrustich (related document(s) 59 ). Hearing scheduled for 11/18/2010 at 09:00 AM at Albany CourtRoom. (Attachments: # 1 Certificate of Service) (Croak, Richard) (Entered: 10/20/2010) |
| 10/22/2010 | | 61 | Adversary case 10−90149−1. (67 (Dischargeability − 523(a)(4), fraud as fiduciary, embezzlement, larceny)) Complaint by Manufacturers and Traders Trust Company against Deborah A Hrustich. Fee Amount $ 250.. (Attachments: # 1 Exhibit Cover Sheet) (Levine, Louis) (Entered: 10/22/2010) |
| 10/29/2010 | | 62 | Transcript regarding Hearing Held 9/1/2010 RE: Motion for relief from stay. THIS TRANSCRIPT WILL BE MADE ELECTRONICALLY AVAILABLE TO THE GENERAL PUBLIC 90 DAYS AFTER THE DATE OF FILING, TRANSCRIPT RELEASE DATE IS 1/27/2011. Until that time the transcript may be viewed at the Bankruptcy Court or a copy may be obtained from the official court transcriber. Court Reporter/Transcriber J &J transcribers, |

| | | | |
|---|---|---|---|
| | | | Telephone number 609–586–2311. (related document(s) 35 , 56 ). Notice of Intent to Request Redaction Deadline Due By 11/5/2010. Redaction Request Due By 11/19/2010. Redacted Transcript Submission Due By 11/29/2010. Transcript access will be restricted through 1/27/2011. (Rodriguez, Vicki) (Entered: 10/29/2010) |
| 10/29/2010 | | 63 | Notice of Filing of Transcript and of Deadlines Related to the Restriction and Redaction (related document(s) 62 ). (Rodriguez, Vicki) (Entered: 10/29/2010) |
| 11/08/2010 | | 64 | Notice of Appearance and Request for Notice by Jonathan D. Deily Filed by on behalf of Burke &Casserly, P.C.. (Attachments: # 1 Certificate of Service) (Deily, Jonathan) (Entered: 11/08/2010) |
| 11/17/2010 | | 65 | Letter of Adjournment, hearing scheduled for 12/16/2010 at 10:00am in Albany Filed by Deborah A Hrustich (related document(s) 59 ). (Croak, Richard) (Entered: 11/17/2010) |
| 11/18/2010 | | | Hearing Continued (related document(s) 59 ). Hearing scheduled for 12/16/2010 at 10:00 AM at Albany CourtRoom. (OConnell, Theresa) (Entered: 11/19/2010) |
| 11/18/2010 | | | Hearing Continued (related document(s) 13 ). Hearing scheduled for 12/16/2010 at 01:00 PM at Albany CourtRoom. (OConnell, Theresa) (Entered: 11/22/2010) |
| 11/22/2010 | | 66 | Certificate of Compliance re Appeal DOC# 51 (Wolf, Elizabeth) (Entered: 11/22/2010) |
| 11/22/2010 | | 67 | Transmittal of Record on Appeal to District Court. (related document(s) 51 ). (Wolf, Elizabeth) (Entered: 11/22/2010) |
| 11/22/2010 | | 68 | Letter Re: Acknowledging receipt of record on appeal: Civil Case No. 1:10–cv–1407. Assigned to USDC Judge Norman A. Mordue (related document(s) 51 ). (Wolf, Elizabeth) (Entered: 11/23/2010) |
| 12/01/2010 | | 69 | Letter Withdrawing/Settling Filed by Manufacturers and Traders Trust Company (related document(s) 33 ). (Levine, Louis) (Entered: 12/01/2010) |
| 12/03/2010 | | | Adjourned. 341(a) meeting to be held on 12/15/2010 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 1/20/2011 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 12/03/2010) |
| 12/16/2010 | | | Adjourned. 341(a) meeting to be held on 1/28/2011 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 2/17/2011 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 12/16/2010) |
| 12/16/2010 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 2/17/2011 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 12/16/2010) |
| 12/16/2010 | | | Hearing Continued (related document(s) 13 ). Hearing scheduled for 1/20/2011 at 01:00 PM at Albany CourtRoom. (Coughlin, Kathy) (Entered: 12/17/2010) |

| | | | |
|---|---|---|---|
| 12/16/2010 | | | Hearing Continued (related document(s) 59 ). Hearing scheduled for 1/20/2011 at 10:00 AM at Albany CourtRoom. (OConnell, Theresa) (Entered: 12/20/2010) |
| 01/20/2011 | | | Hearing Continued (related document(s) 59 ). Hearing scheduled for 6/30/2011 at 10:00 AM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 01/20/2011) |
| 01/20/2011 | | | Hearing Continued (related document(s) 13 ). Confirmation hearing to be held on 6/30/2011 at 10:00 AM at Albany CourtRoom. (Staigar, Cherie) (Entered: 01/21/2011) |
| 02/01/2011 | | | Adjourned. 341(a) meeting to be held on 2/28/2011 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 3/24/2011 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 02/01/2011) |
| 02/01/2011 | | 70 | Letter Adjourning Chapter 13 Confirmation Hearing. Confirmation hearing to be held on 03/24/2011 at 1:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 02/01/2011) |
| 02/01/2011 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 3/24/2011 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 02/01/2011) |
| 02/10/2011 | | 71 | Motion by Trustee to Dismiss Case for Failure to Make Plan Payments Combined with Certificate of Service.. Hearing scheduled for 03/31/2011 at 12:15 PM at Albany CourtRoom. (Celli, Andrea) (Entered: 02/10/2011) |
| 02/16/2011 | | 72 | Copy of Conditional Order of Dismissal By District Court Judge Norman A. Mordue, Re: Appeal on Civil Action Number: 1:10−cv−1407 , conditional order of dismissal Signed on 2/16/2011 (related document(s) 51 ). (Wolf, Elizabeth) (Entered: 02/22/2011) |
| 02/23/2011 | | 73 | Letter Re: *Notice of Payment Change* Filed by BAC Home Loans Servicing, L.P. fka Countrywide Home Loans Servicing, L.P.. (Attachments: # 1 Supplement) (Novin, Bobbie) (Entered: 02/23/2011) |
| 03/02/2011 | | | Adjourned. 341(a) meeting to be held on 4/27/2011 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 5/12/2011 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 03/02/2011) |
| 03/02/2011 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 5/12/2011 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 03/02/2011) |
| 03/10/2011 | | 74 | Copy of Judgment By District Court Judge Norman A. Mordue, Re: Appeal 1:−CV−1407 dismissing Signed on 3/10/2011 (related document(s) 72 , 51 ). 2nd circuit deadline 03/18/11 (Wolf, Elizabeth) (Entered: 03/10/2011) |
| 03/15/2011 | | 75 | Objection to Claim 2 by Claimant Whitman &Hanna. Filed by Deborah A Hrustich. (Croak, Richard) (Entered: 03/15/2011) |
| 03/15/2011 | | 76 | Notice of Hearing on Default Motion, Hearing scheduled for 4/21/11 at 9:15am, Albany Courtroom Filed by Deborah A Hrustich (related |

| | | | |
|---|---|---|---|
| | | | document(s) 75 ). (Croak, Richard) Modified on 3/18/2011 (Chest, Lynn). (Entered: 03/15/2011) |
| 03/16/2011 | | 77 | Notice of Deficiency sent to Richard Croak (related document(s) 76 ). Document Correction due by 3/18/2011. (Rosenberg, Dana) (Entered: 03/16/2011) |
| 03/16/2011 | | 78 | Amended Notice of Hearing Filed by Deborah A Hrustich (related document(s) 75 ). Hearing scheduled for 4/21/2011 at 09:15 AM at Albany CourtRoom. (Croak, Richard) (Entered: 03/16/2011) |
| 03/31/2011 | | | Hearing Held;withdrawn (related document(s), 71 ). (Griffin, Vicki) (Entered: 04/04/2011) |
| 04/05/2011 | | 79 | Certificate of Service Filed by Deborah A Hrustich (related document(s) 78 ). (Croak, Richard) (Entered: 04/05/2011) |
| 04/11/2011 | | 80 | Opposition Objection to (related document(s): 75 Objection to Claim) Filed by Whiteman Osterman &Hanna, LLP (related document(s) 75 ). (Attachments: # 1 Certificate of Service) (Ganz, Robert) (Entered: 04/11/2011) |
| 04/11/2011 | | | Hearing Set (related document(s) 75 ). Hearing scheduled for 4/21/2011 at 09:15 AM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 04/11/2011) |
| 04/21/2011 | | | Hearing Held, Denied Over Opposition per terms on record (related document(s), 75 ). Order due by 5/23/2011. (Rosenberg, Dana) (Entered: 04/21/2011) |
| 04/22/2011 | | 82 | Order Denying Debtor's Motion to Disallow Claim Signed on 4/22/2011 (related document(s) 75 ). (Rosenberg, Dana) (Entered: 04/22/2011) |
| 04/28/2011 | | | Adjourned. 341(a) meeting to be held on 5/27/2011 at 01:30 PM at First Meeting Albany. Confirmation hearing to be held on 6/23/2011 at 01:00 PM at Ch 13 Confirmation Hearing Albany Courtroom. (Celli, Andrea) (Entered: 04/28/2011) |
| 04/28/2011 | | | Hearing Set (related document(s) 13 ). Confirmation hearing to be held on 6/23/2011 at 01:00 PM at Albany CourtRoom. (Rosenberg, Dana) (Entered: 04/28/2011) |
| 05/05/2011 | | 83 | Notice of Appeal District Court. Fee Amount $255 Filed by Deborah A Hrustich (related document(s) 82 ). Appellant Designation due by 05/19/2011. (Attachments: # 1 Exhibit order appealed from)(Croak, Richard) (Entered: 05/05/2011) |
| 05/05/2011 | | | Receipt of Notice of Appeal(10−11423−1−rel) [appeal,ntcapl] ( 255.00) filing fee. Receipt number 5848343, amount $ 255.00. (U.S. Treasury) (Entered: 05/05/2011) |
| 05/05/2011 | | | Election to Appeal to District Court. Filed by Deborah A Hrustich (related document(s) 83 ). (Smith, Nicole) (Entered: 05/06/2011) |
| 05/06/2011 | | 84 | Court's Cover Letter Re: Notice of Appeal (related document(s) 83 ). (Attachments: # 1 Notice of Appeal) (Smith, Nicole) (Entered: |

| | | | |
|---|---|---|---|
| | | | 05/06/2011) |
| 05/06/2011 | | 85 | Court Certificate of Mailing (related document(s)Court's Cover Letter 84 , Notice of Appeal 83 ). Mailed or electronically served to all parties in interest on 5/6/2011: Richard Croak, Esq., Robert E. Ganz, Esq. and Andrea E. Celli, Esq. and United States Trustee. (Smith, Nicole) (Entered: 05/06/2011) |
| 05/20/2011 | | 86 | Appellant Designation of Contents For Inclusion in Record On Appeal and Statement of Issues Filed by Deborah A Hrustich. (Attachments: # 1 Exhibit One# 2 Exhibit Two# 3 Exhibit Three# 4 Exhibit Four)(Croak, Richard) (Entered: 05/20/2011) |
| 05/23/2011 | | 87 | Addendum to Record on Appeal – *Additional Items for Inclusion* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 83 ). (Attachments: # 1 Exhibit A–C)(Ganz, Robert) (Entered: 05/23/2011) |
| 05/23/2011 | | 88 | Certificate of Service *of Designation of Additional Items for Inclusion in Record on Appeal* Filed by Whiteman Osterman &Hanna, LLP (related document(s) 87 ). (Ganz, Robert) (Entered: 05/23/2011) |
| 05/25/2011 | | 89 | Certificate of Non Compliance. (Wolf, Elizabeth) (Entered: 05/25/2011) |
| 05/25/2011 | | 90 | Transmittal of Record on Appeal to District Court(related document(s) 83 ). (Wolf, Elizabeth) (Entered: 05/25/2011) |

**SO ORDERED.**

**SIGNED this 22 day of April, 2011.**

_____
**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re:

      DEBORAH A. HRUSTICH           Case No. 10-11423
                 Debtor           (Chapter 13)

_____

Debtor, having moved by Notice of Motion dated March 10, 2011 (Docket #75) to disallow the claim of creditor Whiteman Osterman & Hanna LLP filed May 14, 2010, and said Motion having come on to be heard on April 21, 2011,

NOW, upon the reading and filing of the Motion to disallow claim of Debtor and the opposition to claim dated April 11, 2011, and after hearing Richard Croak, Esq., attorney for the Debtor, in support of the Motion to disallow, and Ganz Wolkenbreit & Siegfeld LLP (Lianne S. Pinchuk, Esq., Robert E. Ganz, Esq.) in opposition to the Motion, and for the reasons set forth on the record and over the objection of the attorney for the Debtor, it is

ORDERED, that Debtor's Motion to disallow the claim of Whiteman Osterman & Hanna LLP be and the same hereby is denied.

                        ###

(00055495.WPD;1)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

    ―――――――――――――――――――――――――

In Re: Deborah A. Hrustich,

                Debtor                       Case No. 10-11423
                                             Chapter 13

    ―――――――――――――――――――――――――

NOTICE OF APPEAL

PLEASE TAKE NOTICE that Deborah A. Hrustich the debtor in the above bankruptcy

proceeding does appeal under 28 U.S.C.§ 158 (a) or (b) from the order and decision of the

bankruptcy court entered April 22, 2011(Copy Attached) which order denied the debtor's

objection to the claim of Whiteman Osterman & Hanna, LLP and thereby represents a final order

of the Bankruptcy Court determining the rights of the debtor and other creditors of the debtor.

The parties to the order appealed from, and the names and addresses of their respective attorneys

are as follows:

Whiteman  Osterman and Hanna
Attorney Robert E. Ganz, Esq.
1 Columbia Cir
Albany, NY 12203-6383

Andrea Celli, Esq.,
Chapter 13 Standing Trustee
15 Southwoods Boulevard
Albany, NY 12211

Dated: May 5, 2011


Respectfully Submitted


/s/ Richard Croak
_____

Richard Croak
Attorney For Debtors
Suite 314 300 Bldg. Great Oaks Blvd.
Albany, NY 12203
 Tel: 518-690-4410
 Fax: 518-690-4435
 rcroak@richardcroak.com

Case 10-11423-1-rel Doc 86-8 Filed 06/05/11 Entered 05/05/05 Page 1 of 1 Desc
Case 10-11423-1-rel Exhibit order appealed from Entered 04/22/11 09:24:46 Desc Main
Document    Page 1 of 1

**SO ORDERED.**

**SIGNED this 22 day of April, 2011.**

_____
**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

---

In Re:

DEBORAH A. HRUSTICH                    Case No. 10-11423
                    Debtor                   (Chapter 13)

---

Debtor, having moved by Notice of Motion dated March 10, 2011 (Docket #75) to disallow the claim of creditor Whiteman Osterman & Hanna LLP filed May 14, 2010, and said Motion having come on to be heard on April 21, 2011,

NOW, upon the reading and filing of the Motion to disallow claim of Debtor and the opposition to claim dated April 11, 2011, and after hearing Richard Croak, Esq., attorney for the Debtor, in support of the Motion to disallow, and Ganz Wolkenbreit & Siegfeld LLP (Lianne S. Pinchuk, Esq., Robert E. Ganz, Esq.) in opposition to the Motion, and for the reasons set forth on the record and over the objection of the attorney for the Debtor, it is

ORDERED, that Debtor's Motion to disallow the claim of Whiteman Osterman & Hanna LLP be and the same hereby is denied.

### 

(00055495.WPD;1)

## UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF NEW YORK
OFFICE OF THE CLERK
KIM F. LEFEBVRE - CLERK

| **ALBANY DIVISION** | **SYRACUSE DIVISION** | **UTICA DIVISION** |
|---|---|---|
| JAMES T. FOLEY COURTHOUSE | JAMES M. HANLEY FEDERAL BUILDING | ALEXANDER PIRNIE FEDERAL BUILDING |
| 445 BROADWAY, SUITE 330 | 100 S. CLINTON ST., ROOM 315 | 10 BROAD ST, ROOM 230 |
| ALBANY, NEW YORK 12207 | P.O. BOX 7008 | UTICA NEW YORK 13501 |
| (518) 257-1661 | SYRACUSE, NY 13261-7008 | (315) 793-8101 |
| Fax:(518) 257-1650 | (315) 295-1600 | Fax:(315) 793-8128 |
| | Fax (315) 295-1655 | |

**REPLY: Syracuse**

**Date:** May 6, 2011

**To:** Richard Croak, Esq., Robert E. Ganz, Esq. and Andrea E. Celli, Esq.

**From:** Kim F. Lefebvre
Clerk of Court
By: Nicole Smith
Deputy Clerk

**RE:** Notice of Appeal filed on: May 5, 2011

Case Name: Deborah A. Hrustich

Case Number: 10-11423          Adversary Number:

Adversary Name:

You are hereby notified of the filing of a Notice of Appeal in the above-captioned case/proceeding. The Record on Appeal will be transmitted upon its completion pursuant to Fed. R. Bank. P. 8007(b).

The attorney of record is hereby notified that the actual items designated need to be submitted to the Bankruptcy Court in pdf format on a CD ROM.

By copy, parties to the appeal and the United States Trustee are provided with service of the Notice of Appeal pursuant to Fed. R. Bankr. P. 8004.

encl.

cc:    United States Trustee

O:R8004A(02/01/2010)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK
 _____

In Re: Deborah A. Hrustich,
                    Debtor                                    Case No. 10-11423
                                                               Chapter 13



 _____

NOTICE OF APPEAL


PLEASE TAKE NOTICE that Deborah A. Hrustich the debtor in the above bankruptcy

proceeding does appeal under 28 U.S.C.§ 158 (a) or (b) from the order and decision of the

bankruptcy court entered April 22, 2011(Copy Attached) which order denied the debtor's

objection to the claim of Whiteman Osterman & Hanna, LLP and thereby represents a final order

of the Bankruptcy Court determining the rights of the debtor and other creditors of the debtor.


The parties to the order appealed from, and the names and addresses of their respective attorneys

are as follows:


Whiteman  Osterman and Hanna
Attorney Robert E. Ganz, Esq.
1 Columbia Cir
Albany, NY 12203-6383


Andrea Celli, Esq.,
Chapter 13 Standing Trustee
15 Southwoods Boulevard
Albany, NY 12211

17

Dated: May 5, 2011


Respectfully Submitted


/s/ Richard Croak
_____
Richard Croak
Attorney For Debtors
Suite 314 300 Bldg. Great Oaks Blvd.
Albany, NY 12203
 Tel: 518-690-4410
 Fax: 518-690-4435
 rcroak@richardcroak.com

O:M100(07/16/2006)A

# UNITED STATES BANKRUPTCY COURT
# NORTHERN DISTRICT OF NEW YORK

In re Deborah A Hrustich ,

                               Debtor(s)

Case No. 10–11423–1–rel

Chapter 13

Employer's Tax Identification (EIN) No(s). [if any] ,
Last four digits of Security No(s). [if any]: xxx–xx–2121 ,

## CERTIFICATE OF MAILING

The deputy clerk indicated below of the United States Bankruptcy Court for the Northern District of New York at Albany, hereby certifies that on this date a true copy of the foregoing document was mailed via either the United States Postal Service or sent electronically to registered users of the Northern District of New York CM/ECF system as shown below:

Via electronic mail:

Richard Croak on behalf of Debtor Deborah Hrustich
rcroak@richardcroak.com, rcroak@hotmail.com

Robert E. Ganz on behalf of Attorney Whiteman Osterman & Hanna, LLP
reg@gwlaw.com

Andrea E. Celli
legal@ch13albany.com

Tracy Hope Davis
USTPRegion02.AL.ECF@USDOJ.GOV

Date: 5/6/11

                                             /s/Nicole Smith
                                              Deputy Clerk

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**
_____

In Re: Deborah Hrustich,

              Debtor(s).                      Case No. 10-11423
                                                      Chapter 13

_____

_____


### APPELLANT'S DESIGNATION OF RECORD AND ISSUES ON APPEAL


Legal Issue:

Is a claim filed without a statement adequately indicating the amount and basis of the claim sufficient to meet the requirements of 11 U.S.C.§502


Record on Appeal:

      A. Claim
      B. Objection to Claim
      C. Opposition to Claim Objection
      D. Order sustaining claim

Dated: May 20, 2011


/s/ Richard Croak
Richard Croak
Attorney for Debtor/Defendant
300 Great Oaks Blvd., Suite 314
Albany, NY 12203
Tel: 518-690-4410
Fax: 518-690-4435
richardcroak@richardcroak.com

| UNITED STATES BANKRUPTCY COURT | PROOF OF CLAIM |
|---|---|

| Name of Debtor:<br>Deborah A. Hrustich, MD | Case Number:<br>10-11423 |
|---|---|

NOTE: *This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A request for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.*

| Name of Creditor (the person or other entity to whom the debtor owes money or property):<br>Whiteman Osterman & Hanna LLP | ☐ Check this box to indicate that this claim amends a previously filed claim. |
|---|---|
| Name and address where notices should be sent:<br><br>Ganz Wolkenbreit & Siegfeld LLP<br>One Columbia Circle, Albany, NY 12203<br><br>Telephone number:<br>(518) 869-9500 | **Court Claim Number:**_____<br>*(If known)*<br><br>Filed on:_____ |
| Name and address where payment should be sent (if different from above):<br><br><br>Telephone number: | ☐ Check this box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.<br><br>☐ Check this box if you are the debtor or trustee in this case. |

**1. Amount of Claim as of Date Case Filed:**   $__see attached__

If all or part of your claim is secured, complete item 4 below; however, if all of your claim is unsecured, do not complete item 4.

If all or part of your claim is entitled to priority, complete item 5.

☐ Check this box if claim includes interest or other charges in addition to the principal amount of claim. Attach itemized statement of interest or charges.

**2. Basis for Claim:** __legal services rendered__
(See instruction #2 on reverse side.)

**3. Last four digits of any number by which creditor identifies debtor:** _____

**3a.** Debtor may have scheduled account as: _____
(See instruction #3a on reverse side.)

**4. Secured Claim** (See instruction #4 on reverse side.)
Check the appropriate box if your claim is secured by a lien on property or a right of setoff and provide the requested information.

**Nature of property or right of setoff:** ☐ Real Estate ☐ Motor Vehicle ☐ Other
**Describe:**

**Value of Property:**$_____ **Annual Interest Rate**___%

**Amount of arrearage and other charges as of time case filed included in secured claim,**

**if any:** $_____ **Basis for perfection:** _____

**Amount of Secured Claim:** $_____ **Amount Unsecured:** $_____

**6. Credits:** The amount of all payments on this claim has been credited for the purpose of making this proof of claim.

**7. Documents:** Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. You may also attach a summary. Attach redacted copies of documents providing evidence of perfection of a security interest. You may also attach a summary. *(See instruction 7 and definition of "redacted" on reverse side.)*

DO NOT SEND ORIGINAL DOCUMENTS. ATTACHED DOCUMENTS MAY BE DESTROYED AFTER SCANNING.

If the documents are not available, please explain:

**5. Amount of Claim Entitled to Priority under 11 U.S.C. §507(a). If any portion of your claim falls in one of the following categories, check the box and state the amount.**

Specify the priority of the claim.

☐ Domestic support obligations under 11 U.S.C. §507(a)(1)(A) or (a)(1)(B).

☐ Wages, salaries, or commissions (up to $11,725*) earned within 180 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier – 11 U.S.C. §507 (a)(4).

☐ Contributions to an employee benefit plan – 11 U.S.C. §507 (a)(5).

☐ Up to $2,600* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use – 11 U.S.C. §507 (a)(7).

☐ Taxes or penalties owed to governmental units – 11 U.S.C. §507 (a)(8).

☐ Other – Specify applicable paragraph of 11 U.S.C. §507 (a)(___).

**Amount entitled to priority:**

$_____

*Amounts are subject to adjustment on 4/1/13 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment.*

| Date:<br>05/14/2010 | Signature: The person filing this claim must sign it. Sign and print name and title, if any, of the creditor or other person authorized to file this claim and state address and telephone number if different from the notice address above. Attach copy of power of attorney, if any.<br><br>Robert E. Ganz, As Attorney | FOR COURT USE ONLY |
|---|---|---|

*Penalty for presenting fraudulent claim:* Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

## ATTACHMENT

The amount of the claim is not yet determinable but ranges from $70,000 to $225,000 and involves the personal responsibility of Debtor for the legal services provided to related entities (Albany Troy Neurosurgical Associates and Northeast Neurosurgery), in which Debtor was a major shareholder and member. The legal basis of these claims is set forth in the attached Complaint pending in Albany County Supreme Court (Index No. 625-06) and in the attached Decision dated September 23, 2009.

(00048088.WPD;1)

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

_____

In re:   Deborah A. Hrustich, MD                         Case 10-11423
                                                         Chapter 13

                              Debtor(s)

_____

OBJECTION TO CLAIM

The Debtor, Deborah A. Hrustich, does hereby move the Court through her attorney, Richard

Croak, and alleges as follows:

1. The Debtor filed for chapter 13 bankruptcy protection on April 15, 2010.

2. On May 24, 2010, the Creditor Whitman Osterman & Hanna LLP (herein after Whiteman)

filed a claim in an unspecified amount for "legal services rendered."

3. Attached to the claim is a vague and meritless complaint against a number of defendants

which include two defunct corporations and Dr. Valmore Pelletier who filed case 10-13583 in

this Court which is a chapter 7 proceeding. Dr. Pelletier's discharge is now pending with the date

for objection to discharge having passed.

4.  Also attached to the claim is a decision of the New York Supreme Court which finds among

other facts that Whiteman did not represent the Debtor herein": ...theses physicians were

represented by independent counsel..."[1]

5. The claim is unsustainable on its face, moreover, it attempts to avoid the requirement of Rule

_____

[1]Thomas J. McNamara, Decision September 23, 2009 Page 9.

3001 by leaving blanks in the claim form and attaching thereto an unsupported and vague statement of the claim.

6. The Debtor's case cannot be confirmed without a reasonable statement of the claim. The debtor has reached an agreement with M&T Bank for a withdrawal of most of its claim. In this circumstance the failure of Whiteman to state the actual basis of its claim or to place a value on its claim is prejudicial to both the Debtor and the other Creditors.

Wherefore the Debtor requests that the Claim as objected to be disallowed and that the Court Grant such other and further relief as is proper.

Dated: March 12, 2011

/s/ Richard Croak

_____
Richard Croak
Attorney for Debtor
314 Great Oaks Blvd.
Albany, NY 12203
Tel 518-690-4410
fax 518-690-4435
rcroak@richardcroak.com

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In Re: | **OPPOSITION TO OBJECTION** |
| | **TO CLAIM** |
| Deborah A. Hrustich, MD, | **Chapter 13** |
| | **Case No. 10-11423** |
| Debtor | |

Creditor Whiteman Osterman & Hanna, LLP ("WOH"), by its attorneys Ganz Wolkenbreit

& Siegfeld LLP, opposes the Objection to Claim (Docket #78) filed on March 15, 2011 on behalf

of Debtor, Deborah A. Hrustich, as follows:

1.      Debtor Hrustich filed for Chapter 13 bankruptcy on April 15, 2010; Creditor WOH

timely filed its claim on May 24, 2010. The case remains unconfirmed and is unlikely to confirm

any time soon.[1]

2.      It is unclear on what basis Debtor objects to WOH's Proof of Claim. However, a

review of the proof of claim, and the legal requirements surrounding a proof of claim, clearly

demonstrate that there is no reason to disallow it.

3.      The Proof of Claim filed by WOH on May 24, 2010 satisfies the requirements of

Federal Rule of Bankruptcy Procedure 3001 in that it is on the appropriate claim form, properly

filled out, and includes documents of the type enumerated in No. 7, which permits the attaching of

documents that support the claim. The Proof of Claim attaches both a decision dated September 23,

---

[1] Debtor's Chapter 13 plan was based on a statement of income being earned while Dr. Hrustich was
working in her former medical practice, Northeast Neurosurgery, a Chapter 11 debtor. The practice has shut
down and Dr. Hrustich has established a new medical practice unburdened by prior debt. She has not
amended her schedules and plan, nor been subjected to scrutiny of the Chapter 13 Trustee or her creditors.
Therefore, information is not in the immediate future.

(00054989.WPD;1)                                    1

2009 and the complaint in Albany County Supreme Court case 625-06, a case between WOH, as

plaintiff, and Debtor and others, as defendants. Rule 3001(a) provides that "[a] proof of claim is a

written statement setting forth a creditor's claim. A proof of claim shall conform substantially to the

appropriate Official Form." WOH's Proof of Claim satisfies Rule 3001.

    4.    Federal Rules of Bankruptcy Procedure Rule 3001(f) provides that the proof of claim

is *prima facie* evidence of the validity and amount of the claim. Because WOH's Proof of Claim is

properly executed and complies with the documentation requirements of Rule 3001, it is *prima facie*

valid and the debtor bears the evidentiary burden to overcome this presumption of validity. See, e.g.,

In re Reilly, 245 B.R. 768, 773 (2d. Cir. BAP 2000) ("A properly executed and filed proof of claim

constitutes prima facie evidence of the validity of the claim. . . To overcome this prima facie

evidence, the objecting party must come forth with evidence which, if believed, would refute at least

one of the allegations essential to the claim.") (internal citations omitted). Debtor's objection is

bereft of any evidence and includes only Attorney Croak's baseless opinions.

    5.    The Objection to the Claim asserts that attached to the Proof of Claim is a "vague and

meritless complaint against a number of defendants". This complaint was the subject of numerous

summary judgment motions wherein the New York State Supreme Court, after a full analysis of the

issues, awarded summary judgment to WOH on its claims against Debtor's medical practices.

Although the decision in the State Court does not fix the claim against Debtor at a specific amount,

the Court's entire analysis clearly indicates that the complaint is not vague or meritless. In awarding

summary judgment on a number of the claims and denying defendants' (including Debtor) motion

for summary judgment, the Court necessarily decided the Complaint was not meritless. As to

Debtor's individual liability, the summary judgment decision simply determined that there was

{00054989.WPD;1}        2

conflicting evidence and thus questions of fact existed precluding summary judgment. As such, this

Court can not re-examine whether the Complaint is vague or meritless. See, e.g., In re Acher, 6 B.R.

632 (Bankr. E.D.N.Y. 1980). Attorney Richard Croak's unsubstantiated assertion that the complaint

is vague and meritless should not be accorded any weight.

6.      11 USC §502(b) lists the grounds on which a claim can be disallowed. Debtor's

Objection to WOH's Claim does not contain any of the appropriate reasons for disallowance

enumerated therein. Debtor's objection cites only Rule 3001 as the sole legal basis for disallowance

and alleges that the proof of claim "attempts to avoid" Rule 3001 requirements. However, Rule 3001

"does not provide substantive grounds for disallowance." In re Cluff, 313 B.R. 323, 331 (Bankr. D.

Utah 2004).

7.      It is unclear whether Debtor's objection is based on improper documentation.

However, this is not a proper basis to disallow a claim under 11 USC §502(b). In re Guidry, 321

B.R. 712 (Bankr. N.D. Ill. 2005)

8.      The Debtor's argument that it will be prejudiced by WOH's failure to place a value

on the claim must fail. WOH has tried numerous times to proceed in this matter in order to fix and

determine the value of the claim and, at each effort, has been stopped by Debtor's efforts to prevent

it from doing so. Debtor opposed WOH's motion to lift the (Docket #45) stay and, when WOH's

motion was granted, Debtor appealed to the District Court.  As such, Debtor can not use the stay as

both a shield and a sword preventing WOH from acquiring the necessary information to fix its claim

at a specific value and then arguing that WOH's failure to fix that claim is a valid reason to disallow

it. See, In re The Harris Group, Inc., 64 B.R. 417 (Bankr. E.D.Pa. 1986) (denying debtor's objection

because although the debtor established "that the claim currently lacks sufficient specificity. . . at

(00054989.WPD;1)                                    3

this juncture of the case, this lack of particularity is due to debtor's procedural maneuver. . ."). Like

in The Harris Group, any lack of specificity in WOH's claim is solely the result of Debtor's actions.

9.      Disallowance is not the appropriate remedy for a disputed contingent claim where

the claim amount has not been fixed. 11 USC §502(c) provides that this Court may estimate claims.

See, e.g., In re Lionel LLC, 2007 Bankr. LEXIS 2652 (Bankr. S.D.N.Y. 2007). Alternatively, as was

the case in Debtor's medical practice's bankruptcy proceeding (Northeast Neurosurgery, Case 09-

13749) and her partner's bankruptcy proceeding (Pelletier, Case 10-13822), it is appropriate to allow

the state court to try the case in order to fix the claim, where, like here, the case is on the "verge of

trial." See, e.g., In Re Bruce, 2000 Bankr. LEXIS 746 (E.D.Pa. 2000). It is appropriate to allow the

state court proceedings to continue where it will permit judicial economy because it was well versed

in the particular facts and law governing the claim[2], where the issues involve only state law, where

it won't interfere with the bankruptcy case, and where the estate can be protected by a requirement

that the enforcement of any judgment be through the Bankruptcy Court. In re Claughton, 140 B.R.

861, 867-68 (W.D.N.C. 1992). WOH's case against Debtor meets all four prongs of the above test.

10.      It is respectfully submitted that this Objection was filed at this time because the state

court trial was scheduled to commence on April 13, 2001 and Bankruptcy Court activity always

gives state court judges pause to continue. In fact, the trial date was stricken at the end of March

because of bankruptcy concerns of the Part I judge relating to the then pending motion to lift the stay

with respect to Dr. Pelletier. That issue has now been resolved and the IAS judge has scheduled a

conference for April 20, 2011 for the purpose of setting a new trial date.

---

[2] As was noted in the NENS and Pelletier motions to lift stay, the state court judge had before him
a dozen depositions and thousands of pages of discovery material.

(00054989.WPD;1)                                4

WHEREFORE, Creditor WOH respectfully requests that Debtor's Objection to Claim be

denied and the matter continue in due course in state court (as per this Court's prior Order lifting

the stay to fix and determine the claim), together with such other and further relief as to the Court

may seem just and proper.

DATED: April 11, 2011

GANZ WOLKENBREIT & SIEGFELD LLP

By: _____
    Robert E. Ganz
Attorneys for Whiteman Osterman & Hanna, LLP
Office and Post Office Address
One Columbia Circle
Albany, New York 12203
(518) 869-9500
reg@gwlaw.com

**SO ORDERED.**

**SIGNED this 22 day of April, 2011.**

_____
**ROBERT E. LITTLEFIELD, JR.**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re:

      DEBORAH A. HRUSTICH          Case No. 10-11423
               Debtor          (Chapter 13)

_____

      Debtor, having moved by Notice of Motion dated March 10, 2011 (Docket #75) to disallow the claim of creditor Whiteman Osterman & Hanna LLP filed May 14, 2010, and said Motion having come on to be heard on April 21, 2011,

      NOW, upon the reading and filing of the Motion to disallow claim of Debtor and the opposition to claim dated April 11, 2011, and after hearing Richard Croak, Esq., attorney for the Debtor, in support of the Motion to disallow, and Ganz Wolkenbreit & Siegfeld LLP (Lianne S. Pinchuk, Esq., Robert E. Ganz, Esq.) in opposition to the Motion, and for the reasons set forth on the record and over the objection of the attorney for the Debtor, it is

      ORDERED, that Debtor's Motion to disallow the claim of Whiteman Osterman & Hanna LLP be and the same hereby is denied.

###

(00055495.WPD;1)

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

In Re:

DEBORAH A. HRUSTICH                    Case No. 10-11423
                         Debtor        (Chapter 13)

APPELLEE'S DESIGNATION OF ADDITIONAL ITEMS
TO BE INCLUDED IN RECORD ON APPEAL

Additional Items

   1.    Attachments to Claim

      (a)    Complaint (Ex. A)

      (b)    Decision of Judge McNamara (Ex. B)

   2.    Matters Referred to in Opposition to Objection to Claim

      (a)    Docket #45 - Debtor's Prior Opposition to Motion to Lift Stay (Ex. C)

Dated: May 23, 2011

GANZ, WOLKENBREIT & SIEGFELD, LLP

By: _____
      Robert E. Ganz
      NDNY Bar Roll No. 101741
Attorneys for Appellee Whiteman Osterman & Hanna LLP
One Columbia Circle
Albany, New York 12203
(518) 869-9500
reg@gwlaw.com

EXHIBIT A

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

**Albany County Clerk**
Document Number 9646010
Rcvd 01/30/2006 4:10:31 PM



| | |
|---|---|
| WHITEMAN OSTERMAN & HANNA LLP, | : |
| Plaintiff, | : |
| - against - | : |
| ALBANY-TROY NEUROSURGICAL ASSOCIATES, P.C., NORTHEAST NEUROSURGERY, LLC, VALMORE A. PELLETIER, M.D., and DEBORAH A. HRUSTICH, M.D., | : |
| Defendants. | : |

**SUMMONS**

Index No. 625-06

YOU ARE HEREBY SUMMONED and required to serve upon Whiteman Osterman & Hanna LLP, Plaintiff pro se, an answer to the Complaint in this action within twenty (20) days after the service of this Summons, exclusive of the day of service, or within thirty (30) days after the service is complete if this Summons is not personally delivered to you within the State of New York. In case of your failure to appear or answer, judgment will be taken against you by default for the relief demanded in the Complaint.

The basis of the venue designated is CPLR § 503.

Trial is desired in the County of Albany.

Dated: Albany, New York
January 30, 2006

WHITEMAN OSTERMAN & HANNA LLP

By: _____
Joel L. Hodes
*Pro Se*
One Commerce Plaza
Albany, New York 12260
Tel (518) 487-7600
Facs. (518) 487-7777

W:\10200s\10221\Plead\Summons 1.30.06.doc

34

SUPREME COURT OF THE STATE OF NEW YORK
COUNTY OF ALBANY

**Albany County Clerk**
Document Number 9646010
Rcvd 01/30/2006 4:10:31 PM



WHITEMAN OSTERMAN & HANNA LLP,          :

                    Plaintiff,          :

   - against -          :

ALBANY-TROY NEUROSURGICAL ASSOCIATES,          :
P.C., NORTHEAST NEUROSURGERY, LLC,          :
VALMORE A. PELLETIER, M.D., and DEBORAH A.          :
HRUSTICH, M.D.,          :

                    Defendants.          :

                        :

**VERIFIED COMPLAINT**

Index No. 625-06

Plaintiff, Whiteman Osterman & Hanna LLP, *pro se*, complainant of the Defendants, Albany-Troy Neurosurgical Associates, P.C., Northeast Neurosurgery, LLC, Valmore A. Pelletier, M.D., and Deborah A. Hrustich, M.D., for its Verified Complaint herein alleges as follows:

### *PRELIMINARY STATEMENT*

1.     Whiteman Osterman & Hanna LLP ("Plaintiff") is a law firm that was engaged by Defendants, Albany-Troy Neurosurgical Associates, P.C., ("ATNSA") and Northeast Neurosurgery, LLC ("NENS") to furnish legal and related professional services in relation to the organization, financing, operation and expansion of ATNSA and NENS and their affiliates, Oak Grove Associates, LLC ("Oak Grove") and Northeast Realty Associates, LLC ("NRA" and, together with ATNSA, NENS and Oak Grove, the "Companies"), respectively.

2.     At the specific instance and request of Defendants, Plaintiff furnished legal and related professional services to ATNSA and Oak Grove from in or about April 2004 to and

including August 2005; and to NENS and NRA from in or about July 2005 to and including December 2005.

    3.    In this action, Plaintiff seeks a judgment against Defendants, awarding to Plaintiff the sum of One Hundred Forty-Four Thousand Four Hundred Fifty and 37/100 Dollars ($144,450.37), plus interest, for Defendants' willful breach of the retainer agreements entered into between Plaintiff and Defendants ATNSA and NENS (on behalf of themselves and their affiliated Companies); and their failure to pay for the legal and professional services rendered by Plaintiff in accordance with those retainer agreements.

## *PARTIES*

    4.    At all times hereinafter mentioned, Plaintiff was and is a professional limited liability partnership organized and existing under the laws of the State of New York with an office and principal place of business at One Commerce Plaza, Albany, New York.

    5.    Upon information and belief, at all times hereinafter mentioned, Defendant ATNSA was and is a professional corporation organized pursuant to the laws of the State of New York, with a principal place of business at 319 South Manning Boulevard, Albany, New York, that retained Plaintiff to furnish legal and related professional services to ATNSA and Oak Grove.

    6.    Upon information and belief, at all times hereinafter mentioned, Defendant NENS was and is a professional service limited liability company organized pursuant to the laws of the State of New York, with a principal place of business at 63 Shaker Road, Albany, New York, that retained Plaintiff to furnish legal and related professional services to NENS and NRA.

    7.    Upon information and belief, at all times hereinafter mentioned, Defendant Valmore A. Pelletier, M.D. ("Pelletier") was and is an individual residing at 16 Glen Hollow

36

Road, Slingerlands, New York; a principal stockholder of Defendant ATNSA; a member of each of Defendants NENS, NRA and Oak Grove; and an officer of each of the Companies.

8.      Upon information and belief, at all times hereinafter mentioned, Defendant Deborah A. Hrustich, M.D. ("Hrustich") was and is an individual residing at Thompson Court, Defreestville, New York; a principal stockholder of Defendant ATNSA; a member of each of Defendants NENS, NRA and Oak Grove; and an officer of each of the Companies.

*VENUE*

9.      The venue of this action is proper in this Court pursuant to CPLR § 503 because Plaintiff is located in the County of Albany, State of New York.

*BACKGROUND*

I.    *Plaintiff's Claims Against Defendant ATNSA*

10.      Defendant ATNSA, by its president Valmore A. Pelletier, M.D., first retained Plaintiff on or about April 22, 2004, to furnish to ATNSA with legal and related professional services in connection with the organization, financing, operation and anticipated expansion of its business.  A copy of the retainer agreement between Plaintiff and Defendant ATNSA dated April 22, 2004 (the "ATNSA Retainer Agreement") is attached hereto as Exhibit 1 and incorporated herein by reference.

11.      By the terms of the ATNSA Retainer Agreement, Plaintiff agreed to perform such legal and related professional services on behalf of ATNSA in exchange for ATNSA's agreement to pay Plaintiff each month Plaintiff's fees at the rates set forth in the ATNSA Retainer Agreement for the time devoted to ATNSA matters by Plaintiff, together with the costs and expenses routinely incurred by Plaintiff on ATNSA's account.

3

12.     Thereafter, Plaintiff did perform legal and related professional services with the knowledge, consent, and assistance of Defendant ATNSA and its principal stockholders and officers, all to the collective benefit of the Defendants ATNSA, Pelletier and Hrustich.

13.     Plaintiff's legal work for ATNSA continued for a period of more than 16 months, during which Plaintiff served as sole corporate counsel to ATNSA and Oak Grove. Plaintiff's services to ATNSA and Oak Grove, all of which were at the specific instance and request of Defendants ATNSA, Pelletier and Hrustich, included, but were not limited to, the following:

- Negotiation and preparation of the Clinical Facilities and Services Agreement between ATNSA and St. Peter's Hospital for the operation and medical direction of The Spine Center at St. Peter's Hospital;

- Negotiation and preparation of professional employment agreements between ATNSA and each of Greg Goldberg, M.D., Richard Shelsky, M.D. and Edward Scheid, M.D.;

- Advice, counsel and correspondence with counsel for Thomas Lovely, M.D. and Thomas McCormack, M.D. concerning the termination of the membership interests in ATNSA and the employment by ATNSA of Drs. Lovely and McCormack;

- Representation of ATNSA's interests in Medical Pain Management Services, PLLC v. Shelsky, including prosecution of a successful motion to intervene in the pending action, preparation of numerous pleadings, motion papers and related documents, strategic and tactical advice to Dr. Shelsky's counsel concerning defense of action, negotiation of terms of settlement and preparation of a

4

stipulation incorporating the same and preparation of indemnity by Dr. Shelsky of ATNSA and Drs. Pelletier and Hrustich;

- Representation of ATNSA in connection with contract dispute with Stratton Veteran's Administration Medical Center and negotiation of favorable disposition of same;

- Strategic advice concerning restructuring of business; financing of new practice entity; sale of office condominium owned by Oak Grove and distribution of net proceeds of sale among Defendants Pelletier, Hrustich and others; restructuring of clinical affiliations of ATNSA stockholders, and all other issues incidental to relocation of the medical practice of Defendants Pelletier and Hrustich from St. Peter's Hospital to Albany Memorial Hospital; and

- Continuous consultation, meetings, telephone conferences and correspondence on behalf of ATNSA with Defendants Pelletier and Hrustich, Defendant ATNSA's Chief Executive Officer and representatives of St. Peter's Hospital, Northeast Health, Inc., M&T Bank, JPMorgan Chase Bank and others, all constituting professional services rendered in furtherance of Plaintiff's role as sole outside counsel to Defendant ATNSA.

14. Between May 27, 2004 and January 19, 2006, Plaintiff furnished to Defendant ATNSA 18 monthly statements for professional services rendered by Plaintiff, the agreed price and reasonable value of which totaled Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96). Those statements constituted requests for payment of Plaintiff's fees for legal and related professional services and out-of-pocket expenses incurred by

5

Plaintiff on Defendants' account, in the form agreed upon by Plaintiff and ATNSA in the ATNSA Retainer Agreement.

15.    ATNSA paid or received credit from Plaintiff for One Hundred Fifty-Five Thousand Twenty-Six and 15/100 ($155,026.15) of said Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96), leaving a balance due and owing to Plaintiff of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81), exclusive of interest as provided in the ATNSA Retainer Agreement.

16.    The ATNSA Retainer Agreement provides for interest to be charged on any past due account at a rate of one percent (1%) per month accruing from the due date of the bill until the date the bill is paid.

17.    The ATNSA Retainer Agreement constitutes a valid, binding contract between Plaintiff and Defendant ATNSA.

18.    Plaintiff fully performed and complied with its obligations to Defendant under the ATNSA Retainer Agreement.

19.    In consideration of Plaintiff's performance under the ATNSA Retainer Agreement, ATNSA became obligated to pay Plaintiff the amount of Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96) for Plaintiff's fees for the legal and professional services furnished to Defendant ATNSA and for the out-of-pocket costs Plaintiff incurred on Defendant ATNSA's account.

20.    ATNSA paid or received credit from Plaintiff for only One Hundred Fifty-Five Thousand Twenty-Six and 15/100 ($155,026.15) of said Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96), leaving a balance due and owing to Plaintiff under the contract of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and

81/100 Dollars ($115,688.81), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

21.   Defendant ATNSA has thereby breached its payment obligation under the contract.

22.   As the result of said breach, Plaintiff has incurred damages in the amount of the full contract price, namely Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96), of which One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81) is still due and owing, demand for which has been duly made by Plaintiff but not paid by Defendant.

*II.   Plaintiff's Claims Against Defendant NENS*

23.   In and after April 2005, Defendants Pelletier and Hrustich requested that Plaintiff undertake and prosecute discussions with Northeast Health, Inc. concerning the possibility of winding down ATNSA's business and establishing a new/successor medical practice that would relocate from ATNSA's premises at 319 South Manning Boulevard, Albany, New York (where it was affiliated with St. Peter's Hospital) to a new location on the Albany Memorial Hospital ("AMH") campus, (where the practice would be affiliated with Northeast Health, Inc. and AMH).

24.   Between April 2005 and September 2005, Plaintiff, in continuous consultation with Defendants Pelletier and Hrustich and Defendants' ATNSA's and NENS's Chief Executive Officer, negotiated favorable business, real estate, and financing agreements between NENS and NRA (both in formation until July 2005) and Northeast Health, Inc., all at the direction, under the control and for the benefit of Defendants NENS, Pelletier and Hrustich.

7

25. Those agreements were all for the purpose of securing the transfer of Defendants Pelletier's and Hrustich's medical practice from ATNSA to an affiliation and location on the AMH Campus, where the medical practice was located as of September 1, 2005 and has been known since then as Defendant NENS.

26. On or about October 17, 2005, Plaintiff and Defendant NENS memorialized NENS's engagement of Plaintiff by entering into a written retainer agreement pursuant to the terms of which Plaintiff was to continue to provide NENS with legal and related professional services in connection with the formation, organization, financing, planning and operation of its business. A copy of the retainer agreement dated October 17, 2005 (the "NENS Retainer Agreement"), is attached hereto as Exhibit 2 and incorporated herein by reference.

27. By the time the NENS Retainer Agreement was negotiated and signed, Plaintiff had already performed a significant amount of work for Defendants NENS, Pelletier and Hrustich on behalf of NENS and NRA, its real estate affiliate. NENS had incurred fees for Plaintiff's legal and other professional services furnished from September 1, 2005 to and including September 30, 2005 at hourly rates and otherwise under the terms set forth in the original ATNSA Retainer Agreement.

28. Plaintiff agreed in the NENS Retainer Agreement to continue to perform legal and related professional services to and on behalf of Defendants NENS, Pelletier and Hrustich on and after October 1, 2005 in exchange for NENS's agreement to pay Plaintiff a flat monthly fee of Fifteen Thousand and 00/100 Dollars ($15,000.00), plus costs and expenses incurred on NENS's account.

29. Thereafter, Plaintiff did continue to perform legal and related professional services with the knowledge, consent, and assistance of Defendant NENS and its officers,

Defendants Pelletier and Hrustich, all to the collective benefit of the Defendants NENS, Pelletier and Hrustich, to and including December 16, 2005. Plaintiff's services to NENS and NRA, all of which were at the specific instance and request of Defendants NENS, Pelletier and Hrustich, included, but were not limited to, the following:

- Preparation of Articles of Organization, Operating Agreements and related organizational documents for NENS and NRA, including representation of NENS and NRA in protracted negotiation with, *inter alia*, counsel for Defendants Pelletier and Hrustich concerning the provisions of same;

- Negotiation and preparation of a Memorandum of Understanding between Defendant NENS and Northeast Health, Inc.;

- Negotiation and preparation of agreements for the purchase by NRA of Suites 201 and 204 of 63 Shaker Road, Albany, New York, to be occupied by Defendants NENS, Pelletier and Hrustich on and after September 1, 2005 as their principal professional offices;

- Preparation of real property lease agreements between NRA and NENS for occupancy by NENS of Suites 201 and 204 of 63 Shaker Road, Albany, New York;

- Preparation of asset purchase agreement between ATNSA and NENS;

- Negotiation of real property, personal property and working capital - financing arrangements between Defendant NENS and NRA, as obligors, and M&T Bank, as lender, and negotiation and preparation of all transaction and closing documents relating thereto;

- Negotiation and preparation of professional employment agreements between Defendant NENS and each of John Hamilton, M.D. and Denise Crute, M.D.;

- Strategic advice and counsel concerning organization and financing of Northeast Imaging Associates, Inc. and preparation and filing of organizational documents concerning the same;

- Negotiation and preparation of agreements for the purchase of Suite G05 of 63 Shaker Road, Albany, New York for the purpose of acquiring and installing a 1.6/1.8 Tesla imagnetic resonance imaging machine to be owned jointly by Defendant NENS and Albany Memorial Hospital and operated by Defendant NENS under the terms of a management agreement with the NENS/AMH join venture; and

- Continuous consultation, meetings, telephone conferences and correspondence on behalf of Defendant NENS with Defendants Pelletier and Hrustich, Defendant NENS and Chief Executive Officer, counsel for Dr. Richard Shelsky, personal counsel and representatives of Northeast Health Inc., M&T Bank, JPMorgan Chase Bank and others, all constituting professional services rendered in furtherance of Plaintiff's role as sole outside counsel to Defendant NENS.

30.     By e-mail communication dated December 16, 2005 from Plaintiff to, *inter alia,* Defendants Pelletier and Hrustich, Plaintiff confirmed its understanding, based upon the events described in that communication, that its engagement had been terminated, without cause, by Defendants. A copy of Plaintiff's December 16, 2005 email communication to Defendants, to which Defendants did not object or otherwise respond, is attached hereto as Exhibit 3 and incorporated herein by reference.

10

31.     Between October 13, 2005 and January 19, 2006, Plaintiff forwarded to Defendant NENS 4 statements totaling Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12), representing the reasonable value and agreed price of Plaintiff's legal and related professional services, together with out-of-pocket expenses incurred by Plaintiff on Defendants' account.

32.     NENS paid or received credit from Plaintiff for Thirty-Six Thousand Two Hundred Ninety and 56/100 ($36,290.56) of said Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12), leaving a balance due and owing to Plaintiff of Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56), exclusive of interest.

33.     The NENS Retainer Agreement provides for interest to be charged on any past due account at a rate of one percent (1%) per month accruing from the due date of the bill until the date the bill is paid.

34.     The NENS Retainer Agreement constitutes a contract between Plaintiff and Defendant NENS.

35.     Plaintiff fully performed and complied with its obligations to Defendants NENS under the NENS Retainer Agreement.

36.     In consideration of Plaintiff's performance under the NENS Retainer Agreement, NENS became obligated to pay Plaintiff in the amount of Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12), representing Plaintiff's fees for the legal and professional services provided to Defendants and out-of-pocket costs Plaintiff incurred on Defendants' account.

37.     NENS paid or received credit from Plaintiff for only Thirty-Six Thousand Two Hundred Ninety and 56/100 ($36,290.56) of said Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12), leaving a balance due and owing to Plaintiff under the contract of Twenty-

11

Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

38.    NENS has thereby breached its payment obligation under the contract.

39.    As the result of said breach, Plaintiff has incurred damages in the amount of the full contract price, namely Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12) of which Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56) is still due and owing, demand for which has been duly made by Plaintiff but not paid by Defendant.

III.    *Plaintiff's Claims Against Defendants Pelletier and Hrustich*

40.    In the course of Plaintiff's work for Defendants ATNSA and NENS, Plaintiff was directed by Defendants Pelletier and Hrustich to "wind down" the operation of Defendant ATNSA and "ramp up" the operation of Defendant NENS, both for the personal, professional and business benefit of Defendants Pelletier and Hrustich.

41.    Defendants Pelletier and Hrustich were repeatedly advised by Plaintiff and by Jeffrey Grossman, CPA of Grossman & Grossman, P.C., Defendants' certified public accountant, that the "wind down" process included the payment of all outstanding debts and accounts of ATNSA from revenues received by ATNSA from accounts receivable generated on or before August 31, 2005.

42.    Defendants Pelletier and Hrustich were further advised by Plaintiff and Mr. Grossman that the "ramp up" of NENS would require NENS to incur start-up debt in the form of working capital financing that would be repaid by NENS's revenues derived from accounts receivable generated by NENS on and after September 1, 2005 - - revenues that would not be collected until several months after NENS began its practice.

12

43.     Defendants Pelletier and Hrustich were advised by Plaintiff and Mr. Grossman that accounts receivable collected by ATNSA could not and should not be applied for the benefit of any or all of Defendants NENS, Pelletier or Hrustich.

44.     Upon information and belief, on and after approximately November 10, 2005, Defendants Pelletier and Hrustich nonetheless did transfer (or cause to be transferred) substantial moneys from the accounts of ATNSA to themselves and to accounts maintained by NENS for the personal benefit of Defendants Pelletier and Hrustich.

### *AS AND FOR A FIRST CAUSE OF ACTION*
*(For Breach of Contract against ATNSA)*

45.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44" above.

46.     Defendant ATNSA retained Plaintiff to furnish legal and related professional services in connection with the organization, financing, operation and expansion of its business. (<u>See</u> Ex. 1.)

47.     Plaintiff agreed to furnish such legal and related professional services to and on behalf of ATNSA in consideration of the full and timely payment of fees and costs in accordance with the provisions of the ATNSA Retainer Agreement.

48.     ATNSA agreed to pay Plaintiff its fees, at the rates set forth in the ATNSA Retainer Agreement, for the time devoted to ATNSA and Oak Grove matters by Plaintiff.

49.     Thereafter, Plaintiff furnished such legal and related professional services with the knowledge, consent and assistance, and at the specific instances and request, of Defendants Pelletier, Hrustich and ATNSA, all to Defendants' benefit.

50.     The ATNSA Retainer Agreement constitutes a contract between Plaintiff and Defendants.

51.     Plaintiff fully performed and complied with its obligations to Defendant ATNSA under the ATNSA Retainer Agreement.

52.     As a result of Plaintiff's performance under the ATNSA Retainer Agreement, ATNSA became obligated to pay Plaintiff Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96) for Plaintiff's fees for the legal and professional services it furnished to Defendant ATNSA and for the out-of-pocket costs Plaintiff incurred on Defendant ATNSA's account.

53.     ATNSA paid or received credit from Plaintiff for only One Hundred Fifty-Five Thousand Twenty-Six and 15/100 ($155,026.15) of said Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96), leaving a balance due and owing to Plaintiff under the contract of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

54.     Defendant ATNSA has thereby breached its payment obligation under the contract.

55.     As the result of said breach, Plaintiff has incurred damages in the amount of the full contract price, namely Two Hundred Seventy Thousand Seven Hundred Fourteen and 96/100 Dollars ($270,714.96) of which One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81) is still due and owing, demand for which has been duly made by Plaintiff but not paid by Defendants.

### *AS AND FOR A SECOND CAUSE OF ACTION*
*(For an Account Stated against ATNSA)*

56.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44" and "46" through "55", above.

14

48

57.    An account or accounts were stated between Plaintiff and Defendant ATNSA and upon such statements a balance of Two Hundred Seventy Thousand Seven Six Hundred Fourteen and 96/100 Dollars ($270,714.96) was found to be due from Defendant ATNSA to Plaintiff.  (A copy of said accounts is attached as Exhibit 4 and incorporated herein by reference.)

58.    Defendants received the invoices for these amounts and failed to object to any of the amounts due reflected in said invoices.

59.    Defendant ATNSA has paid or received credit for One Hundred Fifty-Five Thousand Twenty-Six and 15/100 ($155,026.15) of the total amount owed by Defendant ATNSA to Plaintiff, leaving a balance on the account of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81) due from Defendant ATNSA to Plaintiff, exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

60.    No portion of the remainder of the accounts stated herein have been paid or objected to and there is now due from Defendants to Plaintiff the total sum of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

### *AS AND FOR A THIRD CAUSE OF ACTION*
*(For Quantum Meruit against ATNSA)*

61.    Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46 through "55" and "57" through "60", above.

62.    Plaintiff has provided Defendant ATNSA with legal and related professional services, the fair and reasonable value of which is Two Hundred Seventy Thousand Seven Six Hundred Fourteen and 96/100 Dollars ($270,714.96).

15

63.     Defendant ATNSA paid or received credit from Plaintiff for One Hundred Fifty-Five Thousand Twenty-Six and 15/100 ($155,026.15), leaving a balance due and payable by Defendant to Plaintiff in the amount of One Hundred Fifteen Thousand Six Hundred Eighty-Eight and 81/100 Dollars ($115,688.81), exclusive of interest at one percent (1%) from the due date until the date the bills are paid, demand for which has been duly made, but no part paid.

### AS AND FOR A FOURTH CAUSE OF ACTION
*(For Breach of Contract against NENS)*

64.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57" through "60" and "62" through "63", above.

65.     Defendant NENS retained Plaintiff to furnish legal and related professional services in connection with the formation, organization, financing and operation of its business. (See Ex. 2.)

66.     Plaintiff agreed to furnish such legal and related professional services on behalf of NENS.

67.     NENS agreed to pay Plaintiff its fees, or the rates set forth in the NENS Retainer Agreement, for the time devoted to the matter by Plaintiff.

68.     Thereafter, Plaintiff furnished such legal and related professional services with the knowledge, consent and assistance, and at the specific instance and request, of Defendants Pelletier, Hrustich and NENS, all to Defendants' benefit.

69.     The NENS Retainer Agreement constitutes a contract between Plaintiff and Defendants.

70.     Plaintiff fully performed and complied with its obligations to Defendant NENS under the NENS Retainer Agreement.

16

71.     As a result of Plaintiff's performance under the NENS Retainer Agreement, NENS became obligated to pay Plaintiff in the amount of Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12) for the cost of Plaintiff's fees for the legal and professional services it provided Defendant NENS and for the out-of-pocket costs Plaintiff incurred on Defendant NENS's behalf.

72.     NENS paid or received credit from Plaintiff for only Thirty-Six Thousand Two Hundred Ninety and 56/100 ($36,290.56) of said Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12), leaving a balance due and owing to Plaintiff under the contract of Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

73.     Defendant NENS has thereby breached its payment obligation under the contract.

74.     As the result of said breach, Whiteman Osterman & Hanna LLP has incurred damages in the amount of the full contract price, namely Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12) of which Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56) is still due and owing, demand for which has been duly made by Plaintiff but not paid by Defendants.

### *AS AND FOR A FIFTH CAUSE OF ACTION*
*(For an Account Stated against NENS)*

75.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57" through "60", "62" through "63" and "65" through "74", above.

76.     An account or accounts were stated between Plaintiff and Defendant NENS and upon such statements a balance of Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12) was found to be due from Defendant NENS to Plaintiff.  (A copy of said accounts is attached as Exhibit 5 and incorporated herein by reference.)

17

77.     Defendants received the invoices for these amounts and failed to object to any of the amounts due reflected in said invoices.

78.     Defendant NENS has paid or received credit for Thirty-Six Thousand Two Hundred Ninety and 56/100 ($36,290.56) of the total amount owed by Defendant NENS to Plaintiff, leaving a balance on the account of Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56) due from Defendant NENS to Plaintiff, exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

79.     No portion of the remainder of the accounts stated herein have been paid or objected to and there is now due from Defendants to Plaintiff the total sum of Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100 Dollars ($28,761.56), exclusive of interest at one percent (1%) from the due date until the date the bills are paid.

### AS AND FOR A SIXTH CAUSE OF ACTION
*(For Quantum Meruit against NENS)*

80.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57" through "60", "62" through "63", "65" through "74" and "76" through "79", above.

81.     Plaintiff has furnished Defendant NENS legal and related professional services (including out-of-pocket costs). The fair and reasonable value of such legal and related professional services provided to or on behalf of Defendant is Sixty-Five Thousand Fifty-Two and 12/100 Dollars ($65,052.12).

82.     Defendant NENS paid or received credit from Plaintiff for Thirty-Six Thousand Two Hundred Ninety and 56/100 ($36,290.56), leaving a balance due and payable by Defendant to Plaintiff in the amount of Twenty-Eight Thousand Seven Hundred Sixty-One and 56/100

18

52

Dollars ($28,761.56), exclusive of interest at one percent (1%) from the due date until the date the bills are paid, demand for which has been duly made, but no part paid.

## AS AND FOR A SEVENTH CAUSE OF ACTION
*(For a Constructive Fraudulent Conveyance against ATNSA and Pelletier)*

83.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57 through "60", "62 through "63", "65" through "74", "76" through "79" and "81" through "82" above.

84.     Plaintiff was a creditor of ATNSA at the time Defendants Pelletier and ATNSA transferred (or caused to be transferred) the aforementioned amounts from the accounts of ATNSA to those of, or maintained for the benefit of Defendant Pelletier.

85.     Upon information and belief, ATNSA did not receive fair consideration from Defendant Pelletier for said transfer and was insolvent at the time thereof or was rendered insolvent thereby.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
*(For an Actual Fraudulent Conveyance against ATNSA and Pelletier)*

86.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57 through "60", "62 through "63", "65" through "74", "76" through "79", "81" through "82"and "84" through "85" above.

87.     Upon information and belief, the transfer by (or at the instance of) Defendants Pelletier and ATNSA of the aforementioned amounts from the accounts of ATNSA, without consideration, to those of or for the benefit of Defendant Pelletier was intended to hinder or delay payment of ATNSA's obligations to its creditors, including its obligations to Plaintiff under the ATNSA Retainer Agreement.

19

88.     Upon information and belief, as a result of said transfer ATNSA retained insufficient assets with which to meet its obligations, particularly the amounts owed to Plaintiff.

## AS AND FOR A NINTH CAUSE OF ACTION
### (For a Constructive Fraudulent Conveyance against ATNSA and Hrustich)

89.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57 through "60", "62 through "63", "65" through "74", "76" through "79", "81" through "82", "84" through "85" and "87" through "88" above.

90.     Plaintiff was a creditor of ATNSA at the time Defendants Pelletier, Hrustich and ATNSA transferred (or caused to be transferred) the aforementioned amounts from the accounts of ATNSA to the personal account of Defendant Hrustich.

91.     Upon information and belief, ATNSA did not receive fair consideration from Defendant Hrustich for said transfer and was insolvent at the time thereof or was rendered insolvent thereby.

## AS AND FOR AN TENTH CAUSE OF ACTION
### (For an Actual Fraudulent Conveyance against ATNSA and Hrustich)

92.     Plaintiff repeats and realleges, as if fully set forth herein, paragraphs "1" through "44", "46" through "55", "57 through "60", "62 through "63", "65" through "74", "76" through "79", "81" through "82", "84" through "85" and "87" through "88" and "90" through "91", above.

93.     Upon information and belief, the transfer by (or at the instance of) Defendants Hrustich and ATNSA of the aforementioned amounts from the accounts of ATNSA, without consideration, to those of or for the benefit of Defendant Hrustich was intended to hinder or delay payment of ATNSA's obligations to its creditors, including its obligations to Plaintiff under the ATNSA Retainer Agreement.

94.    Upon information and belief, as a result of said transfer ATNSA retained insufficient assets with which to meet its obligations, particularly the amounts owed to Plaintiff.

*WHEREFORE*, Plaintiff, Whiteman Osterman & Hanna LLP, respectfully requests that this Court enter judgment against Defendants, as follows:

1.    Declaring that the transfers from ATNSA to Pelletier and Hrustich, as set forth above, were fraudulent and therefore void; or, in the alternative, to declare that Defendant Pelletier and Hrustich hold in trust for Plaintiff as a creditor of ATNSA amounts sufficient to satisfy ATNSA's obligations to Plaintiff; and

2.    Awarding Whiteman Osterman & Hanna LLP damages in the amount of One Hundred Forty-Four Thousand Four Hundred Fifty and 37/100 Dollars ($144,450.37), plus interest pursuant to the promise of the ATNSA and NENS Retainer Agreements; and

3.    Awarding Whiteman Osterman & Hanna LLP such other and further relief as this Court shall deem just, proper, and equitable, including the costs and disbursements of this action.

Dated: Albany, New York
       January 30, 2006

                              WHITEMAN OSTERMAN & HANNA LLP

                      By: _____
                              Joel L. Hodes
                              *Pro Se*
                              Whiteman Osterman & Hanna LLP
                              One Commerce Plaza
                              Albany, New York 12260
                              Tel. 518.487.7600
                              Facs. 518.487.7777

21

55

# VERIFICATION

STATE OF NEW YORK          )
                                          ) ss:
COUNTY OF ALBANY          )

RICHARD E. LECKERLING, being duly sworn, deposes and says:

1.    I am a managing partner of Whiteman Osterman & Hanna LLP, Plaintiff in the within action against Defendants ATNSA, NENS, Valmore A. Pelletier, M.D., and Deborah A. Hrustich, M.D..

2.    I have read the foregoing Verified Complaint and know the contents thereof.

3.    The same is true of my own knowledge, except as to those matters stated to be alleged upon information and belief, and as to those matters, I believe them to be true.

_RICHARD E. LECKERLING_

Sworn to before me this
30th day of January, 2006

_Diane C. Jesmonth_
Notary Public

DIANE C. JESMONTH
NOTARY PUBLIC, State of New York
Qualified in Albany County
No. 4802044
Commission Expires February 28, 18 2007

W:\10200s\10221\Plead\WOH Complaint (Final).doc

# EXHIBIT B

STATE OF NEW YORK
SUPREME COURT                              COUNTY OF ALBANY

_____

WHITEMAN OSTERMAN & HANNA LLP

                  Plaintiff

        v.

ALBANY-TROY NEUROSURGICAL ASSOCIATES,          **NOTICE OF ENTRY**
P.C., NORTHEAST NEUROSURGERY, LLC,             Index No. 625-06
VALMORE A. PELLETIER, M.D. AND DEBORAH A.
HRUSTICH, M.D.,
                  Defendants

_____

        PLEASE TAKE NOTICE, that the within is a true copy of a Judgment, duly entered in the

office of the Clerk of Albany County on October 1, 2009.

DATED:        October 1, 2009
              Albany, New York              Yours, etc.

                                    GANZ, WOLKENBREIT & FRIEDMAN, LLP

                                    By: _____
                                          Robert E. Ganz
                                    Attorneys for Plaintiff
                                    Office and Post Office Address
                                    One Columbia Circle
                                    Albany, New York 12203
                                    (518) 869-9500
                                    reg@gwlaw.com

{00043299.WPD;1}

58

STATE OF NEW YORK
SUPREME COURT                               COUNTY OF ALBANY

---

WHITEMAN OSTERMAN & HANNA, LLP.,

                                Plaintiff,        Index No.625-06
            v.                                    RJI No.01-06-085583

ALBANY-TROY NEUROSURGICAL ASSOCIATES,
P.C., NORTHEAST NEUROSURGERY, LLC
VALMORE A. PELLETIER, M.D. and
DEBORAH A. HRUSTICH                               Albany County Clerk
                                Defendants.       Document Number 10505211
                                                  Rcvd 10/01/2009 12:05:18 PM



---

### JUDGMENT

Plaintiff, Whiteman, Osterman & Hanna, LLP having moved for Summary Judgment

against the Defendants for legal fees and to dismiss counterclaims, and

The Court, having granted Plaintiff's Motion for Summary Judgment by Decision & Order

dated September 23, 2009 and entered in the Albany County Clerk's Office on September 30,

2009 to the extent indicated below, a copy of said Decision & Order which is attached hereto, it

is hereby

ORDERED, ADJUDGED AND DECREED that Whiteman, Osterman & Hanna, LLP,

One Commerce Plaza, Albany, NY 12206 have judgment against Defendant **Albany-Troy**

**Neurosurgical Associates P.C.**, c/o Northeast Neurosurgery, LLC, in the principal amount of

One Hundred Fifteen Thousand Six Hundred Eighty-eight and 81/100 Dollars ($115,688.81), plus

pre-judgment interest at the contract rate of twelve percent (12%) per annum from July 1,2005

through September 30, 2009 in the sum of Fifty Nine Thousand Twenty-Nine and 82/100 Dollars

($59,029.82), for a total sum of One Hundred Seventy Four Thousand Seven Hundred Eighteen

00043242.WPD:REG                         1

and 63/100 dollars (**$174,718.63**), and Plaintiff Whiteman Osterman & Hanna, LLP shall execution; and it is further

ORDERED ADJUDGED AND DECREED that Whiteman, Osterman & Hanna, LLP One Commerce Plaza, Albany, NY 12206 have judgment against **Northeast Neurosurgery, LLC**, 63 Shaker Road, Albany NY 12204 in the principal amount of Twenty-Eight Thousand Seven Hundred Sixty One and 56/100 Dollars ($28,761.56), plus pre-judgment interest at the contract rate of twelve percent (12%) per annum from December 1,2005 through September 30, 2009 in the sum of Thirteen Thousand Two Hundred Twenty Eight and 74/100 ($13,228.74) plus statutory costs and fees of Eleven Hundred Sixty Nine Dollars ($1,169.00), as set forth on the attached bill of costs, for a total judgment of Forty Three Thousand One Hundred Fifty Nine and 30/100 Dollars ( **$43,159.30**) and Whiteman Osterman & Hanna, LLP. shall have execution thereupon; and it further,

ORDERED, ADJUDGED AND DECREED, that Plaintiff Whiteman Osterman & Hanna, LLP, One Commerce Plaza, Albany, NY 12260 have Judgment against the Defendants Albany-Troy Neurosurgical Associates P.C., Northeast Neurosurgery, LLC, Valmore A. Pelletier, and Deborah A. Hrustich, MD all of 63 Shaker Rd, Albany NY 12204 dismissing all counterclaims on the merits with prejudice.

DATED: October 1, 2009

S/ _Thomas L. Clk_

Albany County Clerk

`STATE OF NEW YORK
SUPREME COURT                          COUNTY OF ALBANY

WHITEMAN OSTERMAN & HANNA LLP

      Plaintiff

   v.

ALBANY-TROY NEUROSURGICAL ASSOCIATES,          **BILL OF COSTS**
P.C., NORTHEAST NEUROSURGERY, LLC,             Index No. 625-06
VALMORE A. PELLETIER, M.D. AND DEBORAH A.
HRUSTICH, M.D.,
      Defendants

| | |
|---|---:|
| Statutory Costs | $400.00 |
| Service of Process | 150.00 |
| Index No. | 210.00 |
| Motion Fee | 45.00 |
| Note of Issue | 30.00 |
| Sheriffs Fees on Execution and Mileage | 30.00 |
| Postage (Estimated) | 54.00 |
| Deposition Fee | 250.00 |
| **TOTAL** | **$1,169.00** |

    The undersigned, an attorney admitted to practice in the courts of this state, affirms: that he is the attorney(s) of record for the Plaintiff in the above-entitled action; that the foregoing disbursements have been or will necessarily be made or incurred in this action and are reasonable in amount, and that copies of documents or papers as charged herein were actually and necessarily obtained for use.

    The undersigned affirms that the foregoing statements are true, under the penalties of perjury.

Dated: September 29, 2009

                        Robert E. Ganz

(00043240.WPD;1)

PRESENT:   HON. THOMAS J. McNAMARA
                  Acting Justice

STATE OF NEW YORK
SUPREME COURT          COUNTY OF ALBANY

---

WHITEMAN OSTERMAN & HANNA LLP,

                                      Plaintiff,

                  -against-

ALBANY-TROY NEUROSURGICAL ASSOCIATES,
P.C., NORTHEAST NEUROSURGERY, LLC,
VALMORE A. PELLETIER, M.D. and DEBORAH A.
HIRUSTICH, M.D.,

                                      Defendants.

---

ALBANY-TROY NEUROSURGICAL ASSOCIATES,
P.C., NORTHEAST NEUROSURGERY, LLC,
VALMORE A. PELLETIER, M.D. and DEBORAH A.
HIRUSTICH, M.D.,

                                      Third-Party Plaintiffs,

                  -against-

JOSHUA D. POWELL AND EDWARD H. SCHEID, JR.,
M.D. and JOHN F. HAMILTON, M.D.,

                                      Third-Party Defendants.

---

**DECISION & ORDER**
Index No.: 625-06
RJI No.: 01-06-085583

Albany County Clerk
Document Number 10504072
Rcvd 09/29/2009 3:50:50 PM

---

(Supreme Court, Albany County, Motion Term)

APPEARANCES:      Ganz, Wokenbreit & Friedman, LLP
                  (By: Robert E. Ganz, Esq. And Lianne S. Pinchuk, Esq.)
                  *Attorneys for Plaintiff* [on the Complaint]
                  One Columbia Circle
                  Albany, New York 12203

                  Corrigan, McCoy & Bush
                  (By: Scott W. Bush, Esq.)
                  *Attorneys for Plaintiff* [on the Counterclaim]
                  22 Columbia Turnpike
                  Rensselaer, New York 12144

                  Hodgson Russ LLP
                  (By: Michelle L. Merola, Esq.)
                  *Attorneys for Defendants*
                  677 Broadway, Suite 301
                  Albany, New York 12207

---

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
Index No.: 625-06; RJI: 01-06-085583

McNamara, J.

In this action to recover legal fees, plaintiff Whiteman Osterman & Hanna, LLP (hereinafter the law firm) moves pursuant to CPLR 3212 for summary judgment, awarding it a judgment in its favor and as against defendants on the complaint and dismissing the counterclaim. Defendants Albany-Troy Neurosurgical Associates, P.C. (hereinafter ATNSA); Northeast Neurosurgery, LLC (hereinafter NENS); Valmore A. Pelletier, M.D. (hereinafter Pelletier); and Deborah A. Hrustich, M.D. (hereinafter Hrustich) oppose the motion and cross-move pursuant to CPLR 3212 for partial summary judgment dismissing the law firm's claim for quantum meruit. The law firm opposes the cross-motion.

ATNSA was a neurosurgery practice, of which Pelletier and Hrustich were shareholders. In 2004, the neurosurgery practice was located near and affiliated with St. Peter's Hospital in Albany, New York. On April 22, 2004, the law firm and ATNSA executed a letter of engagement under which the law firm was to provide certain legal services to ATNSA regarding the enforcement of certain employment contracts ATNSA had with two physicians. That agreement provided that it would also apply to other matters undertaken by the law firm on ATNSA's behalf. The ATNSA letter of engagement provided for the range of hourly fees that would be applied and noted: "We will send you statements for services rendered and for expenditures which we have made for you on a monthly basis. The amounts set forth in the statements are due within thirty days after the statement is mailed. If you have any questions about any statement, please call me promptly to discuss it" (Letter of Engagement at 2 [dated 4-22-04], Ganz Affidavit, Exhibit 4). Pelletier executed the

2

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

ATNSA letter of engagement on behalf of ATNSA.

As part of its representation of ATNSA, between about April 2005 and September 2005, among other things, the law firm assisted (1) ATNSA in winding down its affairs; (2) the neurosurgery practice to establish a successor medical practice in a new location at the Albany Memorial Hospital campus; and (3) the neurosurgery practice to change its affiliation from St. Peter's to Albany Memorial Hospital, which included purchasing two office suites and outfitting them as medical offices. As of September 1, 2005, the practice operated under NENS, with its members consisting of Pelletier, Hrustich and third-party defendant Edward H. Scheid, Jr., M.D. (hereinafter Scheid).

Third-party defendant Joshua D. Powell (hereinafter Powell) served as the CEO of NENS. In that capacity, he executed a letter of engagement dated October 17, 2005 with the law firm for representation of NENS (NENS letter of engagement). Under that letter of engagement, the law firm was to provide certain legal services to NENS for a monthly fee of $15,000. As with the ATNSA letter of engagement, NENS was to contact the law firm if there were any disputes with the monthly statement. The NENS letter of engagement also provided that the law firm would bill NENS at an hourly rate for any services it provided not covered by the $15,000 monthly fee.

The law firm continued its representation of NENS until around December 5, 2005 when Hrustich informed the law firm that the relationship was terminated. According to the complaint, on December 16, 2005, the law firm confirmed its understanding that the termination of its services to the practice was without cause. Also that month, Powell and Scheid both resigned.

3

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

    After ATNSA and NENS failed to pay the outstanding balances purportedly due the law firm, on January 30, 2006, the law firm commenced this action to recover those fees. Defendants then joined issue, raising various affirmative defenses; interposing counterclaims sounding, inter alia, in legal malpractice; and commenced a third-party action against, among others, Scheid and Powell. Following extensive discovery and the filing of a notice of issue, the law firm now moves pursuant to CPLR 3212 for summary judgment awarding a judgment of $144,450.37 plus interest in its favor and dismissing the affirmative defenses and counterclaims. Defendants oppose the motion and cross-move pursuant to CPLR 3212 for partial summary judgment dismissing the quantum meruit claim.

    To obtain summary judgment, a movant must make a prima facie showing of entitlement to judgment as a matter of law, tendering sufficient evidence to eliminate any genuine material issues of fact from the case (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324, 508 NYS2d 923 [1986]). The failure to make such a showing, however, mandates denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853, 487 NYS2d 316 [1985]). If the prima facie showing is made, the burden shifts to the party opposing the motion for summary judgment to come forward with evidentiary proof in admissible form to establish the existence of material issues of fact which require a trial (*see Zuckerman v City of New York*, 49 NY2d 557, 562, 427 NYS2d 595 [1980]).

    Here, the law firm has established its prima facie entitlement to judgment as a matter of law with regard to the its breach of contract claims as against ATNSA and NENS (the first and fourth causes of action, respectively) by submitting the letters of engagement, the billing records detailing

4

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

the legal services provided, and the balance due by each entity (*see Hussey v Joseph N. Leggio Agency, Inc.*, 299 AD2d 690, 691 [2002]; *see also Kool-Temp Heating & Cooling, Inc. v Ruzika*, 6 AD3d 869, 869-870 [2004]). Similarly, the law firm has also shown its prima facie entitlement to judgment as a matter of law with regard to an account stated as against ATNSA and NENS (the second and fifth causes of action, respectively) (*see Ruskin, Moscou, Evans & Faltischek. P.C. v FGH Realty Credit Corp.*, 228 AD2d 294, 295-296 [1996]). "'An account stated is an agreement between parties to an account based upon prior transactions between them with respect to the correctness of the account items and balance due'" (*J.B.H., Inc. v Godinez*, 34 AD3d 873, 874 [2006], quoting *Jim-Mar Corp. v Acquatic Constr., Ltd.*, 195 AD2d 868, 869 [1993], *lv denied* 82 NY2d 660 [1993]).

Besides proffering, inter alia, the billing records for the ATNSA and NENS accounts, the law firm has submitted excerpts of examination before trial testimony of Pelletier and Powell in which each avers that neither ATNSA nor NENS ever disputed the billing (*see id.* at 875). Furthermore, the law firm submits the affidavit of Joel Hodes, Esq., the law firm's lead attorney representing ATNSA and NENS, noting that "no written objection to any fee charged to ATNSA was ever made; only in the fall of 2005 did Dr. Hrustich assert, orally, in a general way, that she felt fees were too high" (Hodes Affidavit [sworn to 3-20-09] at ¶ 25). As to this oral objection, such an oral protest "fall[s] far short of raising a question of fact as to the existence of an account stated" (*J.B. H., Inc.*, 34 AD3d at 875, citing *Darby & Darby, P.C. v VSI Intl.*, 95 NY2d 308, 315 [2000]). In opposition, defendants contend that billing statements were vague. This claim, however, is belied in part by the record which shows that the statements were sufficiently detailed by noting the services performed,

5

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*
_____

the date they were performed and by whom they were performed (cf *Scheichet & Davis, P.C. v Steinger*, 183 AD2d 479,479 [1992]). Moreover, as the record demonstrates, defendants raised no timely objections to the statements; thus, their "'silence is deemed acquiescence'" (*J.B.H., Inc.*, 34 AD3d at 875 [quoted cases omitted]).

Otherwise, defendants argue that summary judgment on either the law firm's breach of contract or account stated claims is improper since questions of fact exist to whether the law firm committed malpractice in its representation of ATNSA and NENS. The law firm disagrees, arguing that no questions of fact exist and it should be granted summary judgment dismissing the counterclaims sounding in legal malpractice as well as any affirmative defenses.

"To establish a claim for legal malpractice, it [is] necessary for defendants to establish the existence of an attorney-client relationship at the time of the alleged malpractice and that 'the attorney was negligent, that the negligence was a proximate cause of the loss sustained, and that plaintiff suffered actual and ascertainable damages'" (*Tabner v Drake*, 9 AD3d 606, 609 [2004], quoting *Ehlinger v Ruberti, Girvin & Ferlazzo*, 304 AD2d 925, 926 [2003]). Thus, a party claiming legal malpractice must "establish that counsel 'failed to exercise the ordinary reasonable skill and knowledge commonly possessed by a member of the legal profession' and to meet the exacting standard that 'but for the attorney's negligence' the outcome of the matter would have been substantially different'" (*Kaminksy v Herrick, Feinstein, LLP*, 59 AD3d 1, 9 [2008], *lv denied* 2009 NY Slip Op 76222 [June 25, 2009], quoting *AmBase Corp. v Davis Polk & Wardwell*, 8 NY3d 428, 434 [2007]). In seeking summary judgment dismissing the counterclaims and any affirmative defenses based on legal malpractice, it is the law firm's "burden to establish that defendants are

6

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

unable to prove at lease one of these elements" (*Tabner*, 9 AD3d at 609).

Here, as a threshold matter, defendants claim that the law firm violated 22 NYCRR 1200.9 by representing Powell and Scheid in other ventures after it completed its representation of them. Since this claim is neither alleged in the counterclaims nor noted in the bill of particulars, defendants cannot now assert it in this motion practice (*see Matthew v Mishra*, 41 AD3d 1230, 1231 [2007]; *see also Guiles v Simse*,, 35 AD3d 1054, 1056 [2006]). Otherwise, defendants' claims of legal malpractice as presented in this motion practice, inter alia, include allegations that the law firm advanced the concerns of Powell and Scheid over that of the corporate clients in violation of 22 NYCRR 1200.13.[1] In particular, defendants contend that (1) correspondence between Hodes and Scheid's counsel assures Scheid that certain provisions will be included in the final operating agreement that defendants contend are favorable to Scheid; (2) Hodes ensured that NENS executed a favorable employment contract with Powell, giving Powell authority to approve a fee agreement favorable to the law firm; and (3) Hodes advised Powell and Scheid regarding their resignations.

Here, the law firm has demonstrated its prima facie entitlement to judgment as a matter of law dismissing the claims of legal malpractice (*see e.g. Alvarez*., 68 NY2d at 324). First, with respect to the operating agreement, in his affidavit, Hodes avers:

I exerted my best professional efforts on behalf of the entity as a whole to find a way

---

[1] 22 NYCRR 1200.13 (a) provides:

When a lawyer employed or retained by an organization is dealing with the organization's directors, officers, employees, members, shareholders or other constituents, and it appears that the organization's interests may differ from those of the constituents with whom the lawyer is dealing, the lawyer shall explain that the lawyer is the lawyer for the organization and not for any of the constituents.

7

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

> to meet the widely divergent needs and desires of the different doctors with the
> NENS practice so that a mutually acceptable operating agreement could be executed.
> I failed in that effort but never sought to gain advantage for any party and assumed,
> once each of the doctors obtained independent counsel, that their individual interests
> would be advocated by such counsel (Hodes Affidavit at ¶ 34).

The record shows that the individual members of NENS were represented by their own counsel.

Further, besides the denial by Hodes that he acted in any way to create a conflict in a situation where

the individual members' interests were being represented by independent counsel, case law holds

that, generally, "a violation of a disciplinary rule does not in and of itself amount to actionable

negligence on the part of an attorney [unless] . . . the client can show that he or she suffered actual

damages as a result of the conflict" (*Tabner*, 9 AD3d at 610). Here, nothing in the record shows that

defendants suffered any actual damages as a result of the alleged conflict (*see Guiles*, 35 AD3d at

1056). Furthermore, defendants have failed to raise a triable issue of fact with regard to his

allegation of legal malpractice. Defendants have not submitted an affidavit from an individual with

personal knowledge refuting the prima facie showing (*see Antokol & Coffin v Myers*, 30 AD3d 843,

846 [2006]). In addition, defendants have not submitted competent evidence to establish the

standard of professional care and skill that the law firm allegedly failed to meet (*see Thaler & Thaler*

*v Gupta*, 208 AD2d 1130, 1132 [1994]).

Similarly, with respect to defendants' claim that due to the Powell employment agreement

with NENS the law firm benefitted by receiving an inflated monthly legal fee, the law firm has

submitted admissible evidence in the form of Hodes's affidavit to refute this claim. Hodes avers that

the $15,000 monthly fee was arrived at by calculating the average costs of legal services it had been

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

providing to the medical practice. Further, he showed that at times the medical practice received legal services valued at a much higher price than covered under the flat fee arrangement. Defendants have only offered speculation that the fee was too high, failing to rebut the defendant's prima facie showing. Finally, as to the resignations, even if Hodes had advanced warning that these were to happen, nothing in the record or in defendants' submissions of emails shows that Hodes assisted in drafting the resignation letters. Defendants' contrary claims are merely speculative.

Defendants also claim that the law firm failed to adequately represent NENS in creating that corporate entity since nothing in the corporate papers address the assumption of ATNSA's debts, placing NENS, Pelletier and Hrustich at risk. The law firm explains that the operating agreement, signed for purposes of closing on the new office space in July 2005, was placed in escrow until a final agreement could be negotiated taking into account the varied and opposing interests of the three member physicians. Again, these physicians were represented by independent counsel who certainly should have been looking out for the individual interest of Hrustich and Pelletier. Moreover, the records show that NENS was formed so that Scheid, not a member of ATNSA, would not assume any liability from ATNSA. Defendants have not submitted an affidavit from an individual with personal knowledge refuting the prima facie showing (*see Antokol & Coffin*, 30 AD3d at 846). In addition, defendants have not submitted competent evidence to establish the standard of professional care and skill that the law firm allegedly failed to meet (*see Thaler & Thaler*, 208 AD2d at 1132).

Finally, defendants contend that the law firm failed to properly draft the employment agreement between ATNSA and third-party defendant John F. Hamilton, M.D., since it lacked an

9

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

effective restrictive covenant. The law firm has submitted deposition testimony from Pelletier in which he testified that the practice did not as a general rule enforce restrictive covenants in its agreements with physicians. With this unrefuted concession, defendants' claim that such drafting was a proximate cause of any alleged damage they suffered appears unavailing (*see Antokol & Coffin*, 30 AD3d at 845).[2] In response, defendants have not submitted competent evidence to establish the standard of professional care and skill that the law firm allegedly failed to meet in drafting this provision (*see Merlin Biomed Asset Mgt., LLC v Wolf Block Schorr & Solis-Cohen, LLP*, 23 AD3d 243, 243 [2005]; *Thaler & Thaler*, 208 AD2d at 1132).

Thus, given the showing by the law firm and the failure by defendants to rebut the showing, the branch of the motion to dismiss the counterclaim for legal malpractice is granted (*see e.g. Mega Group, Inc. v Pechenick & Curro, P.C.* 32 AD3d 584, 587 [2006]). Also, since the legal malpractice claims cannot serve to raise issues of fact to either the breach of contract claim or the account stated, the Court grants those branches of the law firm's motion for summary judgment on those claims (*see Thaler & Thaler*, 208 AD2d at 1132; *cf Couch White, LLP v Kelly*, 286 AD2d 526, 528 [2001]). Further, the Court grants that branch of the law firm's motion for summary judgment dismissing the remaining counterclaims for breach of contract, breach of fiduciary duty, and unjust enrichment since they are duplicative of the claims discussed and dismissed above (*see Kvetnaya v Tylo*, 49 AD3d 608, 608 [2008]; *Town of Wallkill v Rosenstein*, 40 AD3d 972, 974 [2007]). In addition, the counterclaim for an accounting is also dismissed, especially in light of the Court's finding that the

---

[2] Also of note, at the time Hamilton left the neurosurgery practice, he was employed with NENS and had no employment agreement with that entity.

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

billing statements adequately informed defendants of the legal services rendered (*see Sitar v Sitar*,

50 AD3d 667, 670 [2008]) and, otherwise, the law firm demonstrated that defendants had no right

to this equitable remedy (*cf Kastle v Steibel*, 120 AD2d 868, 869-870 [1986]).

Next the Court considers the branch of the law firm's motion for summary judgment on its

claims of constructive and actual fraudulent conveyance (the seventh through tenth causes of action).

Essentially, the law firm alleges that ATNSA's funds were improperly transferred to Hrustich and

Pelletier and NENS without fair consideration, leaving ATNSA an empty shell without means to pay

its debts – including legal fees owed the law firm. Thus, the law firm argues that NENS, Hrustich

and Pelletier are liable for ATNSA's debt to the law firm by (1) applying the theory of fraudulent

conveyance (Debtor and Creditor Law § 274), (2) piercing the corporate veil, or (3) the doctrine of

successor liability through a de facto merger.

As to the alleged fraudulent conveyances, Debtor and Creditor Law § 274 provides:

> Every conveyance made without fair consideration when the person making it is
> engaged or is about to engage in a business or transaction for which the property
> remaining in his hands after the conveyance is an unreasonably small capital, is
> fraudulent as to creditors and as to other persons who become creditors during the
> continuance of such business or transaction without regard to his actual intent.

Here, whether the law firm has made a prima facie case regarding a fraudulent conveyance is

questionable. For instance, the law firm submits various pages from examination before trial

testimony that certain office furnishings where taken over by NENS without the payment of any

consideration and that no consideration was paid for the goodwill of the ATNSA practice. However,

it is difficult to determine from this testimony the value of these assets compared with the total assets

11

transferred to NENS. Although there was some testimony that Pelletier and Hrustich were paid from

ATNSA after it ceased to exist, the Court cannot determine on this record whether those payments

were for work done for NENS or ATNSA. In any event, defendants have submitted an affidavit of

Jeffrey Grossman, a partner of Grossman and Grossman, which rebuts any prima facie showing. For

example, Grossman avers:

> Paragraph 72 of Mr. Ganz' affidavit cites my testimony as support for his assertion
> that the physicians intentionally and improperly used ATNSA funds for their
> personal benefit and for the benefit of NENS. I believe that Mr. Ganz misunderstood
> my testimony. The only ATNSA funds used for the personal benefit of the
> physicians is money that was owed to them by ATNSA for services rendered to
> ATNSA. I am not aware of any ATNSA funds that were used for the benefit of
> NENS (Grossman Affidavit [sworn to 4-24-09] at ¶ 11).

Grossman also notes that NENS paid ATNSA a total of $242,078.54 for the  transferred assets,

which originally cost $534,800. He also explains how this value was reached. Therefore, given this

evidence raising material issues of fact, summary judgment on these causes of action is not

warranted (*see Rebh v Rotterdam Ventures, Inc.*, 252 AD2d 609, 611 [1998]; *Matter of American

Investment Bank, N.A. v Marine Midland Bank, N.A.*, 191 AD2d 690, 690 [1993]; *see also Pen Pak

Corp. v LaSalle National Bank of Chicago*, 240 AD2d 384, 385 [1997]). Similarly, questions of fact

exist whether the corporate veil should be pierced since the submissions presented by the law firm

do not establish that defendants exercised total domination over ATNSA in the transfer of assets to

NENS that they perpetrated a fraud or wrong against the law firm (*cf Matter of EAC of NY, Inc. v

Capri 400, Inc.*, 49 AD3d 1006, 1007 [2008]).

As to the application of the de facto merger doctrine, "[t]he purchaser of a corporation's

12

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
*Index No.: 625-06; RJI: 01-06-085583*

assets ordinarily does not, as result of the purchase, become liable for the debts of its predecessor;"
except where "(1) the buyer expressly or impliedly assume the predecessor's tort liability; (2) there
was a consolidation or merger of seller and purchaser; (3) the purchasing corporation was a mere
continuation of the selling corporation, or (4) the transaction is entered into fraudulently to escape
such obligations" (*Matter of AT&S Transp., LLC v Odyssey Logistics & Tech. Corp.*, 22 AD3d 750,
752 [2d Dept 2005]). Here, questions exist regarding the application of this doctrine to preclude
summary judgment in the law firm's favor. While the law firm argues that the ledger statements and
certain examination before trial testimony indicate that NENS was a continuation of ATNSA and
there was a "co-mingling" of those entities assets, defendants have raised issues of fact regarding
whether such "co-mingling" occurred (*cf id.*).

Finally, defendants' cross motion for partial summary judgment dismissing the quantum
meruit claim in the complaint is dismissed as academic since the Court has granted the law firm
summary judgment on its other claims seeking the same relief. Otherwise, the Court has considered
the parties' remaining arguments and finds them either unavailing or unnecessary to reach given this
Court's determination. Accordingly, it is

**ORDERED** that the plaintiff's motion for summary judgment is granted to the extent
discussed in the Court's decision; and it is further

**ORDERED** that the counterclaims are dismissed; and it is further

**ORDERED** that the defendants' motion for partial summary judgment is dismissed as
academic.

13

*Whiteman Osterman & Hanna LLP v Albany-Troy Neurosurgical Assocs., et al.*
<u>Index No.: 625-06; RJI: 01-06-085583</u>

This constitutes the decision and order of the Court. The original decision and order are returned to the attorneys for Plaintiff [on the complaint]. A copy of the decision and order and the supporting papers have been delivered to the County Clerk for placement in the file. The signing of this decision and order, and delivery of a copy of the decision and order shall not constitute entry or filing under CPLR 2220. Counsel is not relieved from the applicable provisions of that rule respecting filing, entry and notice of entry.

SO ORDERED.

ENTER.

Dated: Saratoga Springs, New York
       September 23, 2009

                                    Thomas J. McNamara
                                    Acting Supreme Court Justice

Papers Considered:

1. Notice of Motion dated March 20, 2009;
2. Affidavit of Robert E. Ganz, Esq., sworn to March 20, 2009, with accompanying Exhibits 1-18;
3. Affidavit of Joel Hodes, Esq., sworn to March 20, 2009;
4. Plaintiff's Memorandum of Law;
5. Notice of Cross-Motion dated April 24, 2009;
6. Affidavit of Michelle L. Merola, Esq., sworn to April 24, 2009, with accompanying Exhibits 1-41;
7. Affidavit of Jeffrey Grossman sworn to April 24, 2009, with accompanying Exhibits 1-2;
8. Defendants' Memorandum of Law dated April 24, 2009;
9. Reply Affidavit of Robert E. Ganz, Esq., sworn to May 7, 2009, with accompanying Exhibits 18-27;
10. Plaintiff's Reply Brief ;
11. Affidavit of Deborah Hrustich sworn to May 8, 2009;
12. Defendants' Reply Memorandum of Law dated May 8, 2009.

14

# EXHIBIT C

UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF NEW YORK

_____

In Re: Deborah A. Hrustich

        Debtor

                                    Case No. 10-11423
                                    Chapter 13

_____

Response To Motion For Modification of The Stay Pursuant to
11 U.S.C.§362(a) and Related Relief.

Richard Croak as attorney for the Debtor, Dr. Deborah A. Hrustich, does hereby appear on the motion and states as follows:

1. The Debtor Dr. Deborah A. Hrustich filed for relief on April 15, 2010.

2. The movant is an unsecured creditor based on a fraudulent conveyance claim for legal services provided to Chapter 7 Debtor ATNSA and Chapter 11 Debtor Northeast Legal Services.

3. The Chapter 11 Debtor cannot continue because two of the three surgeons are now too ill to continue.

4. The debtor herein Deborah Hrustich is attempting to wind up her private practice and intends to seek employment as a salaried individual.

5. The movant's claim is entirely unsecured. Moreover, while the motion implied that there is some on going state court litigation in fact the decision of Judge Thomas J. McNamara dated September 23, 2009 resolves all legal matters except whether there were transfers of assets between ATNSA and the other Debtors before this Court Hrustich and Northeast. Since ATNSA

is a Debtor, it would appear that any such claim would belong to the chapter 7 trustee William McCarthy.[1]

6. The movant sites to several cases for the proposition that continuing litigation in other forums is cause for modifying the automatic stay. In particular movant sites to <u>Penn Dixie Industries</u> 6 B.R. 832 ( Bankr. S.D.N.Y, 1980) where judge Lifland does endorse the concept that other litigation not directly against the debtor's assets might continue; however, Judge Lifland denied a modification of the stay so that discovery might continue involving the debtor holding that such placed a burden on the debtor.

7. The movant fails to set forth any grounds under 11 U.S.C. §3762(d) for modifying the stay. In fact the movant's sole purpose appears to be the harassment of the individual doctors that it formerly represented. As Judge McNamara stated" a violation of a disciplinary rule does not in and of itself amount to actionable negligence on the part of an attorney". However, such conduct could give rise to a grounds for equitable subordination.

Wherefore the debtor request that the Court deny the relief requested, and grant such other and further relief as is just and proper.

Dated: August 28, 2010

/s/ Richard Croak

_____

Richard Croak
Attorney for Debtor
314 Great Oaks Blvd.
Albany, NY 12203
518-690-4410
Fax 518-690-4435
rcroak@richardcroak.com

_____

[1] In two attempts at service Mr. Ganz has failed to file an affidavit of service on the Chapter 7 trustee.

To: Robert E. Gantz, Esq.
    Andrea Celli, Esq.

O:M139A(02/01/2010)

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

In re Deborah A Hrustich ,

              Debtor(s)

Social Security No(s).: xxx–xx–2121 , and all
Employer's Tax Identification No(s). *[if any]* ,

)
)
)
)
)
)
)
)
)
)
)
)
)
)

Case No. 10–11423–1–rel

Chapter 13

### CERTIFICATION OF NON–COMPLIANCE

TO THE UNITED STATES DISTRICT COURT CLERK FOR THE NORTHERN
DISTRICT OF NEW YORK:

I, Kim F. Lefebvre, Clerk of the Bankruptcy Court for the Northern District of New York,
do hereby certify to the District Judge the following facts:

      Fact No. 1: Notice of Appeal was filed on:  May 5, 2011

      Fact No. 2: Non–Compliance with Fed. R. Bankr. P.  8006

      Fact No. 3: No extension of time has been granted.

Date: 5/25/11

                              KIM F. LEFEBVRE
                              Clerk of Court

                              By:  /s/ Elizabeth A. Wolf
                                  Deputy Clerk

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF NEW YORK

In re _____,  )

    *[Set forth here all names including married, maiden, and trade*  )

    *names used by debtor within last 8 years.]*  )

                                      )

                    Debtor  )  Case No.

                                        )

                                        )  Chapter

Employer's Tax Identification (EIN) No(s)[if any] _____  )

_____  )

Last four digits of Social Security No(s). [if any] _____  )

## RECORD ON APPEAL TO U.S. DISTRICT COURT

      I, Kim F. Lefebvre, Clerk of the Bankruptcy Court for the Northern District of New York, do hereby transmit to the Clerk of the District Court for the Northern District of New York, pursuant to Bankruptcy Rule 8007, the Record on Appeal in the above-entitled proceeding as follows:

      1.  Copy of case docket;
      2.  Copy of judgment, order or decree appealed from;
      3.  Copies of notice of appeal (along with any amended/cross appeals);
      4.  Copy of court's certificate of mailing and cover letter
      5.  Copies of designations of items and statement of issues (if applicable);
      6.  Copy of Clerk's Certification of Compliance or Non-Compliance;
      7.  Copy of Cover Sheet for Appeal from Bankruptcy Court);
      8.  Copies of all papers designated (if applicable).

Date:                              KIM F. LEFEBVRE
                                Clerk of Court

                                By: _____
                                       Deputy Clerk

O:R8007A(02/01/2010)